ORRIN B. SHEPLEY *vs.* HENRY SIEGEL COMPANY.

Middlesex.     March 25, 1909. — June 24, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Lord's Day. Contract,* Validity. *Practice, Civil,* Conduct of Trial, Judge's charge, Exceptions.

In an action of contract to recover compensation for services in purchasing horses, alleged to have been rendered by the plaintiff to the defendant at the request of the defendant, the evidence of the plaintiff tended to show that in a conversation with an agent of the defendant on a Sunday, the agent suggested to the plaintiff that he should buy a certain number of horses for the defendant in Canada, that the plaintiff told the agent that he "could go" but asked the agent who was to pay him and that the agent stated that the defendant was to pay him; that later, on a Tuesday, the agent asked the plaintiff to go to Canada on a succeeding day, and the plaintiff did so and performed the services for which recovery was sought, the agent being with him in Canada. The evidence of the defendant tended to show that the agent at no time asked the plaintiff to go to Canada to buy horses for the defendant. In his answer the defendant set up that the plaintiff's contract of service was illegal because it was made on the Lord's day. The presiding judge refused to rule that, if the services for which the plaintiff was seeking compensation were rendered in pursuance of an agreement made by the parties on the Lord's day, the plaintiff could not recover, and charged the jury on that question that they were to "leave out all that took place on Sunday, because that does not bind anybody, and say whether there was enough done upon other days, week days, so as to show that this plaintiff was requested to . . . perform this service and requested under such circumstances that he was fairly entitled to receive pay." *Held,* that there was no error in the rulings or in the charge.

Under a statement in a bill of exceptions, "To all of this portion of the charge the defendant duly excepted," referring to a portion of the charge to the jury covering five quarto pages, the contention that the tone of the portion of the charge referred to tended to influence the jury in favor of the plaintiff, is not open to the defendant.

CONTRACT for services in purchasing horses for the defendant. Writ dated October 16, 1907.

The case was tried before *Bond,* J. The facts are stated in the opinion. The jury found for the plaintiff; and the defendant alleged exceptions.

*J. B. Studley,* for the defendant.

*P. D. Emmons, (W. H. H. Emmons* with him,) for the plaintiff.

LORING, J. This is an action brought to recover compensation for the plaintiff's services in buying for the defendant and at its request thirty-one horses in Montreal, Canada, and forty-five horses in Boston.

The plaintiff testified that when he was driving with Jenckes, the defendant's agent, on Sunday in the early part of June, 1905, Jenckes suggested to him that he should buy one hundred horses in Canada for the defendant; that he " told Jenckes he could go but asked who was to pay him and. Jenckes replied, the defendant." Later, " on a Tuesday," Jenckes asked the plaintiff to go " about July 5th." The plaintiff went at once to Montreal and stayed there from a Tuesday night until the morning of the second Sunday following, devoting himself meanwhile to buying horses for the defendant. That he bought thirty-one horses in Montreal. That Jenckes arrived four days after he did and went around with him somewhat. That Jenckes and the plaintiff agreed that it was no use buying the rest of the horses in Canada and that Jenckes told him to buy the rest in Boston. That in pursuance of that request he bought forty-five horses for the defendant at Harris's stable in Boston.

Jenckes testified that he never asked the plaintiff to go to Canada ; that the plaintiff went there on his own account and that he happened to be in Montreal at the same time and went around with the plaintiff. That he never asked the plaintiff to buy horses for the defendant in Boston, but the plaintiff asked him (Jenckes) as a favor to him (the plaintiff) to buy at Harris's stable the horses he was buying for the defendant.

After the plaintiff's evidence was in, the defendant was allowed to amend its answer by adding that if a contract was made it was made on Sunday and was void.

The defendant asked for the following rulings :

" 1. On all the evidence the plaintiff is not entitled to recover." *

---

* The bill of exceptions stated that the only ground on which it is proposed to argue that the first ruling requested should have been given was that the original contract, if any, was void because in violation of the statutes relating to the Lord's day and that all things for which recovery was sought were done under a contract illegal and void because in violation of the statutes relating to the Lord's day.

" 15. If the contract made by the defendant with the plaintiff was made on Sunday, the plaintiff cannot recover for any breach thereof.

" 16. If an agreement was made between the plaintiff and Jenckes, representing the defendant, and assented to by both parties on Sunday, and the services, if any, later rendered by the plaintiff were all rendered under and in pursuance of this agreement made and assented to by both parties on Sunday, and there was no later agreement made or assented to by either party, the plaintiff cannot recover."

The fifteenth and sixteenth rulings requested were correct as abstract propositions of law. But there was no evidence which called for their being given. Indeed it may be doubted whether it would have been proper to give them on the evidence in the case at bar. All that the plaintiff testified to as having happened on Sunday was that he told the defendant's agent that he could go to Canada and the plaintiff asked the defendant's agent who was to pay him. He did not testify that in this Sunday conversation he agreed to go to Canada. He testified that on a subsequent week day the defendant's agent asked him to go and he went. The presiding judge instructed the jury in accordance with *Bradley* v. *Rea*, 103 Mass. 188.* The only doubt is whether the instructions given were not more favorable to the defendant than the evidence called for.

The defendant also took an exception to that portion of the charge which dealt with the defense that the contract was made on Sunday. That portion of the charge covers nearly five quarto pages. It is stated in the bill of exceptions that " To all of this portion of the charge the defendant duly excepted."

The defendant now undertakes to support that exception by contending that the tone of a portion of this charge tended to

---

* The judge's charge on this point was in part as follows: " Now, leave out all that took place on Sunday, because that does not bind anybody, and say whether there was enough done upon other days, week days, so as to show that this plaintiff was requested to go up there and perform this service and requested under such circumstances that he was fairly entitled to receive pay; and if so, then he is entitled to receive a fair compensation, what is a reasonable sum for such services rendered by a man of his experience in the community for that kind of business."

influence the jury in favor of the plaintiff. But under a general exception that point is not open to the defendant. The case comes within cases like *Leverone* v. *Arancio*, 179 Mass. 439; *Nestor* v. *Fall River*, 183 Mass. 265; *Savage* v. *Marlborough Street Railway*, 186 Mass. 203; *Zamore* v. *Boston Elevated Railway*, 198 Mass. 594. If the defendant wished to object to the charge on that ground it should have so stated, as was in fact done by counsel for the excepting party in *Allen* v. *Kidd*, 197 Mass. 256. We do not intimate that this portion of the charge was open to that objection.

*Exceptions overruled.*