XENOPHION GOODNOUGH *vs.* JOHN F. KINNEY.

Suffolk.    January 12, 1910. — February 24, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Agency. Broker,* Commission, Double employment. *Evidence,* Presumptions and burden of proof. *Agency.*

Where an owner of real estate employs a broker to procure for him a purchaser on certain terms, and the broker secures a customer who is both willing and able financially to purchase the property on such terms, and the principal is informed of that fact, the broker's commission is earned, even if a sale never is completed either because the parties never enter into a binding agreement or because the owner refuses or neglects to make a conveyance.

At the trial before a judge without a jury of an action for a commission alleged to have been earned by the plaintiff in acting as broker in procuring a purchaser for real estate of the defendant, although an attorney at law, who had been employed in the transaction by a purchaser whom the plaintiff had testified that he had procured, remarks in testifying that he informed the defendant that the plaintiff was the broker for his client, the judge need not find that the plaintiff

was employed by both parties and therefore could recover commission from neither, especially where there is much other evidence tending to show that the plaintiff was not employed by the purchaser.

CONTRACT for a commission of $35 alleged to be due for services as real estate broker rendered to the defendant. Writ in the Municipal Court of the City of Boston, dated August 18, 1908.

On appeal to the Superior Court, the case was heard by *Lawton*, J., without a jury. The facts are stated in the opinion.

At the close of the evidence, the defendant asked for a ruling that on the evidence the plaintiff could not recover. The judge refused so to rule and found for the plaintiff; and the defendant alleged exceptions.

*J. H. Kenney*, for the defendant.

*O. E. Kaine*, for the plaintiff.

BRALEY, J. It is settled, that where the broker secures a customer who is both willing and financially able to purchase property upon the terms authorized by the principal, who has been informed of the completion of the negotiations, a commission has been earned, even if a sale is not completed because the parties never enter into a binding agreement or the owner refuses or neglects to make a conveyance. *Fitzpatrick* v. *Gilson*, 176 Mass. 477, 478. *Williard* v. *Wright*, 203 Mass. 406. *Cohen* v. *Ames, ante*, 186.

The defendant's first ground of defense is that, without disclosing to him the double employment, the plaintiff also acted as the agent of the proposed purchaser and therefore he cannot recover compensation from either. *Quinn* v. *Burton*, 195 Mass. 277. *Sullivan* v. *Tufts*, 203 Mass. 155, 158. But the only evidence upon which this contention can rest is the remark of counsel for the purchaser, who testified as a witness, that he informed the defendant that the plaintiff was the broker for his client. If by this remark anything more was meant than that the purchaser's attention had been called to the property by the plaintiff, the testimony of the other witnesses amply warranted a finding, negativing any double employment.

It is next urged that the terms fixed by the sale were not in accordance with the defendant's instructions. But if it be assumed that the sale was to be for cash, the judge upon the evi-

dence could find it had been negotiated on this basis, and that there was a valid tender of performance by the purchaser which the defendant refused.*

The defendant's request for a ruling, that upon all the evidence the plaintiff could not recover was properly refused.

*Exceptions overruled.*

---

* There was evidence that the defendant had asked the plaintiff to procure a purchaser for $1,400, but that "there were no other terms made as to how the property should be sold "; that the plaintiff procured a customer who was willing and offered to pay cash to the defendant, but that the defendant, after failing to keep appointments with an attorney at law employed by the customer, finally said that he had been advised not to sell.