HENRY T. BARTOW *vs.* PARSONS PULP AND PAPER COMPANY.

Suffolk.   November 18, 1910. — March 3, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Agency*, Agent's commission.   *Contract*, Construction.   *Evidence*, Relevancy and materiality.   *Practice, Civil*, Conduct of trial: judge's charge, Exceptions.

Where, at the trial of an action by a broker for a commission for procuring a sale of merchandise for the defendant, it appeared that the commission was agreed upon and that the contract of sale was made; but it also appeared that a part of the merchandise was not delivered because the customer refused to accept it, and the defendant contended that no commission was due the plaintiff as to such undelivered merchandise because of the course of dealings between the parties and introduced evidence tending to show that on previous occasions of sales to other customers procured by the plaintiff he had not received commissions for such merchandise as was not delivered, the plaintiff should be allowed to testify as to peculiar facts regarding such previous occasions in order to rebut the inference which otherwise might be drawn from the fact that in those instances he did not receive his commissions.

At the trial of an action by a broker for a commission for procuring a sale of merchandise for the defendant, it appeared that the commission was agreed upon and that the contract of sale was made; but it also appeared that a part of the merchandise was not delivered because the customer refused to accept it,

and the defendant contended that no commission was due to the agent as to such undelivered merchandise because of the course of dealings between the parties, and introduced evidence that on previous occasions of sales to other customers procured by the plaintiff he had not received commissions for such merchandise as was not delivered, and the plaintiff's counsel, in questioning the plaintiff regarding one of such occasions, asked what were the "reasons" why he did not then claim a commission. In reply, the plaintiff stated in substance that the failure of the defendant to deliver the merchandise on that occasion was due to freight car complications which were no fault of the defendant's, and that he, the plaintiff, "told [the defendant he] need not ship it," and added, "Under the circumstances I thought it would be very poor taste on my part to demand a commission." The defendant excepted to the question and to so much of the answer as gave a "description . . . of opinions and feelings with regard to the facts," and the plaintiff's counsel stated that he was "willing to have such portions of the answer stricken out." The defendant made no motion for such purpose. *Held,* that under the circumstances the exceptions must be overruled although it was not accurate to ask for the plaintiff's "reasons," because so much of the answer as was incompetent the plaintiff had offered to have stricken out.

Where, at the trial of an action by a broker for a commission for procuring a sale of merchandise for the defendant, it appeared that the commission was agreed upon and that the contract of sale was made ; but it also appeared that a part of the merchandise was not delivered because the customer refused to accept it and the defendant contended that no commission was due the plaintiff as to such undelivered merchandise because of the course of dealings between the parties and introduced evidence tending to show that on previous occasions of sales to other customers procured by the plaintiff he had not received commissions for such merchandise as was not delivered, and the plaintiff testified as to facts, which must have been known by the defendant and which, if believed, showed that the plaintiff's failure to receive commissions on the occasions in question did not affect his right to accept a commission for the sales which were the subject of the action, it is proper for the presiding judge to refuse to rule that " No reason of the plaintiff for not claiming commission on balances contracted for but not shipped is evidence unless accompanied by evidence that it is disclosed."

Where at a trial an exception was taken to about ten lines of the judge's charge and in this court the excepting party objected to only two of the ten lines, which appeared to be somewhat obscure although susceptible to a construction that made the instruction correct, and it did not appear in the bill of exceptions that the trial judge's attention was called at the close of the charge to the objection to the specific two lines, the exception cannot be sustained.

LORING, J. This was an action for $527, the balance alleged to be due the plaintiff for a commission of $1 a ton on a sale of one thousand tons of sulphite. No question has been made as to the plaintiff's employment by the defendant as his broker. The dispute between the parties is as to when the plaintiff earned his commission, the plaintiff's contention being that it was earned when the contracts were signed, while the defendant contended that it was not due until the sulphite was delivered. Two writ-

ten contracts were entered into between the defendant and the customer found by the plaintiff, each for five hundred tons of sulphite. Each of these contracts was made pursuant to a written report made by the plaintiff as a broker to the defendant as his principal, in which the statement of the proposed contract is followed by these words, "and $1.00 per ton commission to me." The plaintiff testified that after a part of the sulphite had been shipped there was a dispute as to the quality of it, and shipments ceased.

Unless controlled by the course of dealings between the parties this statement in the plaintiff's report to the defendant as his principal meant that a commission of $1 a ton was due to him for procuring the customer. *Fitzpatrick* v. *Gilson*, 176 Mass. 477. *Willard* v. *Wright*, 203 Mass. 406. *Cohen* v. *Ames*, 205 Mass. 186. *Goodnough* v. *Kinney*, 205 Mass. 203.

The right of the plaintiff to be paid his commission was not affected by his principal's failure to deliver the goods contracted for by him which the plaintiff's customer was ready to receive. *Fitzpatrick* v. *Gilson*, 176 Mass. 477. *Monk* v. *Parker*, 180 Mass. 246. *Cohen* v. *Ames*, 205 Mass. 186. *Goodnough* v. *Kinney*, 205 Mass. 203.

At the trial the defendant undertook to control the natural construction of the written agreement by showing that in case of three previous contracts procured by the plaintiff for the defendant the plaintiff had not received a commission on sulphite contracted for but not delivered. The plaintiff testified without objection that in the first of these three instances he claimed the commission but the defendant refused to pay it and he did not undertake to collect it because the amount of it was only $15. He was then asked what were the "reasons" why he did not claim a commission in the second case. To this question the defendant excepted. The question was answered without the presiding judge's having made expressly any ruling upon its competency. The plaintiff in answer to it testified that in this instance when the customer wanted the sulphite the defendant could not make delivery because of a shortage in freight cars and when freight cars could be procured the customer did not want the sulphite, and "I told them they need not ship it." He added, " under the circumstances I thought it would be very

poor taste on my part to demand a commission." The defendant excepted to that portion of the answer which gave a "description . . . of opinions and feelings with reference to the facts," and the plaintiff stated that he was "willing to have such portions of the answer stricken out." The witness without objection then testified that in the third instance his "reasons" for not asking for a commission on the five carloads of sulphite not delivered by the defendant was that he "asked them [the defendant] to cancel the other five cars."

The presiding judge refused to instruct the jury that "No reason of the plaintiff for not claiming commission on balances contracted for but not shipped is evidence unless accompanied by evidence that it is disclosed." To this the defendant excepted.

In his charge to the jury the presiding judge* said: "There has been some evidence in the case relative to the previous dealings between the broker and this defendant. That is competent evidence, and it has been admitted, at any rate, in this case as competent evidence, as having some bearing upon what was the business relation between this plaintiff and this defendant. It has no tendency to prove the actual facts that are involved in this case, but it has a tendency to show what the business dealings were between the parties and what may, perhaps, have been in their minds in making any agreement that was made and which is involved in this case." To this portion of the charge the defendant took an exception.

It was competent for the plaintiff to state the peculiar facts of the three instances in which he did not receive a commission on sulphite contracted for but not delivered, to rebut the inference which otherwise might be drawn from the fact that he did not receive a commission on undelivered sulphite in those instances. *Allen* v. *Leonard*, 16 Gray, 202. *Walker* v. *Moors*, 125 Mass. 352.

The exception to the question asked of the plaintiff concerning the second instance cannot be sustained. It was not accurate to ask for the plaintiff's "reasons"; but the evidence admitted was competent (*Allen* v. *Leonard* and *Walker* v. *Moors, ubi supra*), except the portion which the plaintiff offered to have

---

* *Hitchcock,* J.

stricken out. Under these circumstances the exception cannot be sustained. *Plummer* v. *Boston Elevated Railway*, 198 Mass. 499.

The ruling asked for, if given, would have misled the jury. It is manifest that the facts which were peculiar to the other three instances were known to the defendant. In addition the question was not a question of the plaintiff's "reasons" but of the facts peculiar to those instances.

The defendant complains of the words in the charge: "It has no tendency to prove the actual facts that are involved in this case." This part of the charge is somewhat obscure. We construe it to mean that the right of the plaintiff to a commission does not depend altogether on the previous dealings. And that was true. But the defendant did not call this portion of it to the attention of the presiding judge. See *Shepley* v. *Henry Siegel Co.* 203 Mass. 43, and cases cited. He took an exception to this portion of the charge as a whole. As a whole it was correct.

*Exceptions overruled.*

*R. D. Swaim*, for the defendant.
*J. B. Studley*, for the plaintiff.