SAMUEL ROSENTHAL *vs.* BENJAMIN SCHWARTZ.

Suffolk.    January 16, 1913. — May 20, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Executor and Administrator,* Personal liability. *Agent,* Commission. *Contract,* Performance and breach, Construction.

If an administrator agrees in writing as such administrator to sell certain real estate, which is a part of the estate of his intestate, to a purchaser, who agrees to buy it, and also as such administrator agrees with a third person to pay to such third person a certain sum of money as a commission for procuring the purchaser, such administrator, who has no right to bind the estate of his intestate to sell the land or to pay the commission, is bound personally by his agreement with the third person.

An agreement in writing for the purchase and sale of land stipulated that a certain person, who procured the purchaser, should receive a commission of a certain sum of money to be paid to him by the seller "when title is passed," and such person signed at the bottom of the contract an agreement to accept "the commission as above." The purchaser attended at the time and place named for the delivery of the deed and the payment of the price and was ready and willing to pay for the land on receipt of a proper deed, but the seller tendered no deed and no conveyance of the land to the purchaser ever was made. *Held,* that the person who procured the purchaser could maintain an action of contract against the seller for the amount of his commission, the phrase "when title is passed" having been used merely to fix the time beyond which the plaintiff need not wait for his compensation and not to create a condition precedent to the payment of the commission.

CONTRACT to recover $200 as a commission for procuring one Charles F. Wilinsky as the purchaser of certain real estate numbered 177, 179 and 181 on Chambers Street in Boston. Writ in the Municipal Court of the City of Boston dated July 10, 1911.

The answer contained a general denial and also annexed a copy of an agreement in writing for the sale of the real estate in question, alleging that under the terms of the agreement the defendant

was not liable to the plaintiff because no title had passed under the agreement, which was a condition precedent to the plaintiff's right to payment.

On appeal to the Superior Court the case was submitted to Pratt, J., without a jury, upon an agreed statement of facts.

It was agreed that the agreement in writing of which a copy was annexed to the defendant's answer was executed upon its date, which was May 29, 1911. The agreement was between Charles F. Wilinsky and the defendant "as he is the administrator of the estate of Max Schwartz." It was signed by Wilinsky and by the defendant as such administrator. The defendant as such administrator agreed to sell and Wilinsky agreed to buy the premises in question, which were to be conveyed on or before June 22, 1911, noon, by a good and sufficient deed conveying a good and clear title free from all incumbrances except those stated in the agreement. The price was $10,200, of which $300 was acknowledged to have been paid on the execution of the agreement and the balance was to be paid in cash upon the delivery of the deed. The agreement contained the following paragraph:

"Full possession of the said premises is to be delivered to the party of the second part [Wilinsky] at the time of the delivery of the deed, the said premises to be then in the same condition in which they now are, reasonable use and wear of the buildings thereon alone excepted. A commission of $200.00 is to be paid to Samuel Rosenthal by the party of the first part [the defendant as administrator] when title is passed."

At the bottom of the agreement was written and signed by the plaintiff the following: "May 29, 1911, I agree to the commission as above. S. Rosenthal."

It was agreed that Wilinsky with his attorney was at the registry of deeds, where the deed was to be delivered and the money was to be paid, and was ready, able and willing to carry out his part of the agreement upon receipt from the defendant of a deed conveying a good and sufficient title to the premises, but that no deed was tendered within the time limited by the agreement or afterwards.

It also was agreed that the court might draw such inferences as might be warranted by the facts agreed.

The judge found for the plaintiff in the sum of $212.16 and or-

dered judgment for that amount. From the judgment entered in accordance with this order the defendant appealed.

*H. Dunham*, for the defendant.

*H. A. Mintz*, for the plaintiff.

BRALEY, J. If it be assumed that the premises were part of the intestate's estate, the defendant, even if as vendor he purported to act in his representative capacity as administrator, is personally bound by the stipulations with the plaintiff. *Luscomb* v. *Ballard*, 5 Gray, 403, 405. *Durkin* v. *Langley*, 167 Mass. 577, 578. *Lyman* v. *National Bank of the Republic*, 181 Mass. 437, 438. *Tuttle* v. *First National Bank of Greenfield*, 187 Mass. 533, 535. *Dunham* v. *Blood*, 207 Mass. 512. *King* v. *Stowell*, 211 Mass. 246, 250, 251.

But, as there has been no conveyance, the defendant contends that because payment was to be made "when title is passed" the action has been prematurely brought. The contract of sale apparently had been entered into after the plaintiff procured a purchaser, and, payment of his commission not having been made conditional upon actual performance of the agreement, ordinarily it had been earned and was payable. *Goodnough* v. *Kinney*, 205 Mass. 203, 204. The purchaser attended at the time and place named for the delivery of the deed and the payment of the price; the defendant, however, did not attend, but made default. It is at least uncertain whether the purchaser, although desirous of completing the purchase, could have compelled specific performance in a court of equity, and the plaintiff, through the defendant's unexplained failure of performance, would be deprived under the construction contended for of the value of his services and eventually might lose his claim. *Burk* v. *Schreiber*, 183 Mass. 35, 36. *Wenz* v. *Pastene*, 209 Mass. 359, 364. The transfer of title merely designated the period beyond which the plaintiff need not wait for his compensation, which had been fixed at a definite sum, and the trial court correctly held that the defendant could not escape liability by setting up his own breach in bar. *Alvord* v. *Cook*, 174 Mass. 120, 124, 125. *Carnes* v. *Howard*, 180 Mass. 569. *Bartow* v. *Parsons Pulp & Paper Co.* 208 Mass. 232, 234.

*Judgment affirmed.*