## BURTON v SAUNDERS

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10241.  Decided November 4, 1929

Messrs. Smith, Olds, Smith & Shepard, Cleveland, for Burton.

Mr. Lawrence M. Rich, Cleveland, for Saunders.

**SULLIVAN, J.**

The question is raised as to whether under the last amendment of the legislature, the agreement for the commission is in writing or a memorandum equivalent thereto, signed by the party to be charged, as is provided for in the most recent enactment by the legislature, known as the Statute of Frauds. That this stipulation quoted from the provisions of the escrow agreement, is an agreement in writing or at least a memorandum signed by the party to be charged therewith, there can be no question.

It is well settled law that the memorandum in writing referred to in the statute of frauds does not apply alone to the existence of the contract, but it is an instrumentality by which a contract may be proven. In other words, it is an enforceable contract composed of mutuality of mind, but not in and of itself a means of proving the contract itself, notwithstanding that it is a valid contract even though unenforceable, excepting as an instrument evidential for the foundation for a cause of action. This memorandum in writing or stipulation in the escrow agreement, was executed by both parties and consequently by the party to be charged therewith, to-wit, the defendant below. Here we find a consummation of all those elements which are necessary to constitute an agreement or a memorandum in writing for the enforcement of the claim under the statute of frauds. It is argued, however, that the deal did not go through and consequently that the plaintiff is not entitled to her commission under the agreement, but when we come to examine the record we discover that the agreement could not have been cancelled, excepting by breaching the same without the consent of the defendant below, and in searching the record we find that he was the instrumentality by which the escrow agreement was declared null because he mutually joined in the cancellation of the escrow agreement. This act puts the responsibility of the party obligated for the commis-

sion in the position of responsibility for the abrogation of the agreement and therefore, under the weight of authorities, does not release the defendant from the obligation which he assumed for the payment of the commission.

In Rosenthal vs Schwartz, 214 Mass. 371, it is held that a broker is entitled to his compensation as commission, even though the vendor breached his contract, because the stipulation merely fixed the time for the payment of the commission.

In Walker's Real Estate Agency, Sec. 536-A, a broker who produces a purchaser able and willing to buy, and the contract having been executed, was entitled to his commission notwithstanding the agreement to wait for commission until the title passed.

Salmon vs Mayer, 164 N. Y. Supp. 166.

In the **10th Ohio App. 454, Jamison vs Harrison Jr.,** it was held:

(Here follows quotation)

We think these authorities are applicable to the case at bar because it shows that the plaintiff consummated under her contract according to the provisions of the escrow agreement, all that was to be done and that the only reason that the deal was halted was because of the part which the defendant took in the cancellation of the same.

In the case of Foldenauer vs Leibold, decided by this court in December, 1928, we find the distinguishing characteristic between that case and the one at bar, in that the record was altogether too ambiguous to determine to whom the commission was to be paid according to the memorandum in writing agreed upon, but in the instant case that question does not arise, and therefore we think that that case is not applicable.

Where a real estate broker, under a contract to procure a purchaser for the sale of land and for which he received a commission, performed his contract, he is entitled to his commission notwithstanding that subsequent to his performance of all his obligations the contract has been breached by the party with whom he contracted, and this status applies even where by reason of a defect in the title the deal is not consummated, if it appears that all that a broker was to do was done, and that through no fault of his the final consummation of the transaction was halted. To hold differently would be violative of the law of contracts which rests upon the foundation that where a party thereto has satisfied the obligation of full performance he is entitled to the consideration for his services named in the agreement.

The principal is elementary that a party to a contract can not discharge himself from his obligations where there has been a full, final and complete performance of the things which he engaged to have done.

Thus holding, the judgment of the lower court is hereby affirmed.

Vickery, PJ., and Levine, J., concur.