Nash, J.
This is an action of contract brought by trustee writ dated August 19, 1944 and served upon the alleged trustees on August 21, 1944. The declaration alleges that the plaintiff on or about July 31, 1944 entered into an oral agreement with the defendant — a real estate broker — by the terms of which the plaintiff was to produce a customer ready, able and willing to purchase from the owners a piece of property known as “Gardner Block” for which the defendant was to deduct from the commission received the sum of one hundred dollars and pay the balance of said commission to the plaintiff. That the purchaser met the defendant at the plaintiff’s direction on August 9,1944, and entered into a written agreement to purchase the property on that day. Thereafter the defendant notified the plaintiff that the deal was closed, but that he would pay the plaintiff only one hundred fifty dollars. The entire commission was seven hundred fifty dollars. The property was transferred by deed on August 21,1944. The plaintiff claims six hundred fifty dollars with interest.
*115 The defendant filed a demurrer and a general denial. The demurrer was overruled and the trial judge found for the plaintiff in the sum of six hundred fifty dollars with interest, and filed the following memorandum.:
“I find that the plaintiff sustained the burden of proving the contract set out in the plaintiff’s declaration.”
The defendant seasonably filed six requests for rulings which included all questions that had been raised by his demurrer. The first of such requests was granted by the trial judge, but the other five were refused. They are as follows:
2. The plaintiff has sued out his writ prematurely. 3. The plaintiff avers in his declaration that his right to recover is limited to a designated fund and since he has neither averred nor proved that the fund ever came into the hands and possession of the defendant, the verdict must be for the latter. 4. The promise that the plaintiff alleges the defendant made to share his brokerage fee with him is without a legal consideration. 5. The plaintiff has failed in his declaration to allege a justifiable cause of action and he has likewise failed to prove such a cause of action. 6. Upon all the evidence, the verdict should be for the defendant.
The defendant claims to be aggrieved because his demurrer was overruled and because of the judge’s finding and refusal to grant his requests for rulings of law.
By General Laws (Ter. Ed.) Chapter 231, Section 7 it is provided that in declaring no averment of facts not required to be proved need be set forth and that the substantive facts necessary to be proved shall be stated concisely and with substantial certainty and by Section 16 and that the defendant may demur and if he does so he “ shall assign specifically the causes of demurrer ’ ’ and by Section 18, Clause second that it is a cause for demurrer that matters set forth in the declaration “are insufficient in law to enable the *116 plaintiff to maintain Ms action. ’ ’ In answer to tMs requirement the defendant set forth four different grounds upon which to base his demurrer. These grounds are in substance the same as are presented in his requests for rulings, and are dealt with under that heading.
The proper way of pleading the question that the action was brought prematurely is not by demurrer but is by a plea in bar or in abatement. Benthall v. Hildreth, 2 Gray 288, 289. Franklin Savings Institution v. Reed, 125 Mass. 365, 367. White v. E. T. Slattery Co., 236 Mass. 28, 31.
The plaintiff in his declaration avers “that the said sum of one hundred dollars was to be deducted from the commission received from said owners and the balance to be paid by the defendant to the plaintiff.” But he does not aver that the said sum was ever received by the defendant from the sellers, nor does he offer any testimony to indicate that it ever was so received. The defendant has not admitted that he has received the commission. There is no statement in the report that there is evidence the defendant has received the commission. The fair inference from all the evidence is that he had not received it. The contract between the plaintiff and the defendant was entered into on August 7, 1944. A written agreement between the owners and the purchaser to sell on the one side, and to purchase by the other was entered into on August 9, 1944. Among other stipulations it recites that the defendant is to receive from the sellers a commission in the amount stated in the contract of sale — namely seven hundred fifty dollars ($750.) — and the premises are to be conveyed on or before August 21, 1944. The testimony of all parties led to the necessary conclusion that the defendant would not receive the commission until the papers were to pass and that August 21, 1944 was the date set beyond which the defendant need not be expected to wait for payment of his commission. They were conveyed on August 21,1944.
*117 It is true that the defendant had earned his commission when he produced a customer, ready, able and willing to purchase the property on terms acceptable to the owner. Whitkin v. Markarian, 238 Mass. 334, 336, 337. Lord v. Williams, 259 Mass. 278, 285. Frankina v. Salpietro, 269 Mass. 292, 295. Stern v. Old Colony Trust Co., 276 Mass. 456, 457, 458. And such amount was due and payable to him at that time and was not conditioned upon the parties entering into any agreement of purchase and sale. Goodnough v. Kinney, 205 Mass. 203, 204. Rosenthal v. Schwartz, 214 Mass. 371, 373. The agreement of sale and purchase, to which he was not a signatory recites that he is to be paid a definite commission and that the respective conveyances on the part of the owner and the purchaser are to be made on or before August 21, 1944. The defendant is not a party to this agreement. At most the agreement as against him could only fix a time beyond which he need not wait for his compensation. Rosenthal v. Schwartz, 214 Mass. 371, 373. But the writ is dated August 19,1941 and the defendant in his request for ruling #2 says the suit is prematurely brought.
We are of the opinion that the suit was brought prematurely. The necessary conclusion from the evidence is that both plaintiff and the defendant contemplated payment would be made out of a designated fund, which was out of the commission, when received. The conference of August 7, 1944, the execution of the agreement of sale on August 9,1944, and the reported conversation of their meeting on Tuesday, which must have been August 15,1944, all had in view payment out of the commission when received and both parties had knowledge of the agreement of August 9, 1944 which provided for the payment of the commission.
The plaintiff urges that even if the commission was to be received on August 21, 1944 that the defendant, by telling the plaintiff that he was not going to perform the contract *118 in accordance with its terms, gave the plaintiff the right to regard the contract as breached for which breach he could bring his action immediately and not have to wait until August 21, 1944. He cites the case of Mullaley v. Austin, 97 Mass. 30, 32, 33 in support of this contention. We think however that this case is governed by the principles laid down in the case of Daniels v. Newton, 114 Mass. 530. In that case at page 533 it is stated that
“The true rule seems to us to be that in order to charge one in damages for breach of an executory personal contract, the other party must show a refusal or neglect to perform, at a time when and under conditions such that he is or might be entitled to performance.”
At P. 539: “The legal remedy must be founded on some present legal right, and must conform to the nature of that right. Until the plaintiff has either suffered loss or wrong in respect of that which has already vested in him in right, or has been deprived of or prevented from acquiring that which he-is entitled to have or demand, he has no ground on which to seek a remedy by way of reparation. The conduct of the defendant is no wrong to the plaintiff until it actually invades some right of his. Actual injury and not anticipated injury is the ground of legal recovery. The plaintiff ’s rights are invaded by repudiation of the contract only when it produces the effect of non-performance, or prevents him from entering upon or completing performance on his part, at a time when and in the manner in which he is entitled to perform it or to have it performed” See Whitney v. Whitney, 316 Mass. 367.
We think that request #2, #3 and ,#5 should have been given and that denying them was prejudicial error. The entry should be judgment for the defendant for costs — so ordered.