## EDWARD J. OVINGTON *vs.* WILLIAM A. RACINE.

Middlesex. May 4, 1953. — June 30, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Res Judicata. Practice, Civil,* Auditor: findings; Exceptions: whether error harmful, scope of exception, what questions open. *Evidence,* Auditor's findings, Cumulative. *Error,* Whether error harmful.

A finding by an auditor whose findings were not final was only evidence and would not make the subject matter of the finding res judicata in subsequent litigation between the same parties. [335]

The admission in evidence of a letter which was merely cumulative and added nothing to what the jury already knew was not harmful and an exception thereto must be overruled. [336]

An exception to the admission of a letter on cross-examination did not open in this court the propriety of questions following in the cross-examination which were unrelated to the letter and not within the scope of the exception.  [337]

CONTRACT.  Writ in the Superior Court dated October 6, 1950.

The action was tried before *Leary,* J.

*John A. Perkins,* for the defendant.

*Irvin M. Davis,* for the plaintiff.

SPALDING, J.  The declaration in this action of contract contains four counts, but we are concerned only with the fourth (account annexed), the plaintiff having waived the other counts.  The case was referred to an auditor and upon the filing of his report the defendant reserved the right to introduce evidence on certain specified issues.  The jury returned a verdict for the plaintiff in the amount of $8,356.16.  The case comes here on two exceptions taken by the defendant to rulings on evidence.

A full recital of the facts is not necessary.  Findings of the auditor sufficient to furnish a background for the challenged rulings are these.  Since about 1930 the plaintiff had been in the business of designing and selling small parts for use in the burner valves of portable oil stoves and lanterns.  In 1946 he sold his business to the defendant.  Under the provisions of the agreement of sale the defendant was to make payments to the plaintiff based on the volume of sales of the business over a period of seven years.  The agreement provided that the total payment in each year should not be less than $3,500 or more than $6,000.  The defendant executed three promissory notes, two of which are unpaid, covering the purchase price of the plaintiff's stock of burner valve parts.  The present action was brought to recover on the two notes and the amounts due under the contract from September 18, 1946, through September 18, 1950.

The defendant in his answer among other things sought rescission of the agreement on the ground of fraud, and further asserted that the provision requiring minimum payments had been waived pending a general revision of the

contract. The jury found that there was no basis for re-
scission but that the parties had agreed to a modification
of the provision touching minimum payments as the de-
fendant contended.

1. When the auditor's report was offered in evidence the
defendant objected to the admissibility of the seventh para-
graph.[1] This objection was overruled and the defendant
excepted. The defendant does not now press this exception
very vigorously and at the arguments before us all but
waived it. His argument in substance is that he fears that
the statements contained in the seventh paragraph will be
treated as res judicata against him in subsequent actions
relating to the fifth, sixth, and seventh years of the con-
tract. It is enough to say that these fears are without
justification. Notwithstanding its peculiar prima facie
effect, the auditor's report was no more than evidence.
G. L. (Ter. Ed.) c. 221, § 56. *Cook* v. *Farm Service Stores,
Inc.* 301 Mass. 564. What the auditor stated in the seventh
paragraph can hardly be said to be a determination of the
sort that would be conclusive between the parties in sub-
sequent litigation. This is too obvious to be labored fur-
ther. Restatement: Judgments, § 68 (1).

2. In support of his contention that a modification of the
agreement with respect to minimum payment had been
agreed upon, the defendant introduced a series of letters
sent by him to the plaintiff. One of these, exhibit 8, con-
tained the following: "The second year found us short

---

[1] "7. In view of the tenor of some of the evidence, I make certain findings
as to the scope of this contract. It is a sale of a going business for not less than
$24,500 and not more than $42,000 spread over seven years. The business
sold includes the sale of needles, pins, sleeves and tipping wire for use in any
pressure oil valve burner for whatever purpose designed and in stoves of what-
ever type. It also includes any use of the Pyrovy alloy. During each annual
period from September 18th the defendant undertook to pay the plaintiff
from $3,500 to $6,000 dependent on the volume of business; that is, according
to the formula contained in the contract he would become obligated to pay
not less than $3,500 but in no event more than $6,000 during such period.
There is a provision in the contract for the plaintiff to have the right to re-
possess under certain conditions in the event of default by the defendant. In
so far as this involves a question of fact, I find that this right is an additional
and not an exclusive remedy in the event of default. The contract appears
to me to be unambiguous and not to require resort to extrinsic evidence for
its meaning."

$474.90, but having foreign orders to cover exceedingly the deficiency." In the course of his cross-examination of the defendant upon the issue of modification the plaintiff produced a letter (exhibit 11) sent by the defendant's bookkeeper to the plaintiff, and offered it to rebut the statement just quoted. The relevant portions of this letter were: "This [remittance] will leave a balance of $474.90 still pending. The balance is more than covered by orders which have been received previously and are to be delivered later on." Counsel for the defendant objected on the ground that it did not rebut anything contained in exhibit 8, but the judge admitted the letter subject to the defendant's exception. It would appear that this letter, instead of rebutting exhibit 8, tends rather to corroborate it. But it is difficult to see how the defendant was harmed. The evidence was merely cumulative; it informed the jury of nothing they did not already know. *Bendett* v. *Bendett*, 315 Mass. 59, 65–66. *Ross* v. *Ross*, 329 Mass. 644, 648–649.

In the cross-examination which gave rise to the introduction of exhibit 11 the defendant testified that he had written the letters introduced on his behalf in order to induce the plaintiff to agree to a modification of the contract and that he was "anxious to tell . . . [the plaintiff] the truth so that he could see that this contract should be changed." The defendant admitted that at the time exhibit 11 was written, September 20, 1948, he knew that sales made and already paid for in 1948 were large enough to entitle the plaintiff to a "commission" of $5,256.38, and that the balance of $474.90 had been computed by deducting the amount of remittances made in 1948 from the minimum stated in the contract, $3,500. On redirect examination the defendant explained that the failure to pay the full amount due to the plaintiff in 1948 was based upon an understanding with the plaintiff whereby the defendant had been allowed to retain the difference between the amount due and that which had been paid in order to finance other pending orders. The defendant asserts that he was prejudiced by this line of questioning, and that the error which was respon-

sible for that prejudice was the admission of exhibit 11. The elaborate argument of the defendant endeavoring to show wherein he was prejudiced need not be stated, because, as will presently appear, the defendant has not saved the point.

No exception was taken to any of the questions which supposedly prejudiced the defendant. The defendant seems to assume that his objection to the letter comprehended all of the testimony which followed its introduction. Had the letter been offered as the basis of the subsequent questioning, or shown itself to be such, there might be some support for the defendant's assumption. But, as the defendant himself insists, the letter was offered for a specific purpose unrelated to the later course of cross-examination. The letter itself did not suggest the line of attack later followed by the plaintiff's counsel. If, as we do not decide, the cross-examination now complained of was improper, it was incumbent on the defendant to bring the matter to the attention of the judge and save his rights. This he did not do. The objection and exception previously taken when exhibit 11 was admitted cannot be made to reach forward to other matters plainly not within its scope. See *Holbrook* v. *Jackson*, 7 Cush. 136, 154; *Coburn* v. *Moore*, 320 Mass. 116, 120.

*Exceptions overruled.*