*Southern District*

No. 7735

## ANNA OBER, ADMX.

### v.

## ARTHUR R. JOIA AND SUSAN JOIA

*Nash, J.* Contract to recover a commission allegedly due from the defendants. The answer was a general denial and payment. The case was tried with the cases of Arthur R. and Susan Joia v. Anna Ober, Admx. and Oscar A. and Cressida V. Mahon against Arthur R. and Susan Joia.

Upon sufficient evidence the trial court (Callan, J.) found that the defendants, Joia, owned real estate at Onset consisting of a two-family house and that

on September 10, 1952 they entered into an agreement for the sale of this house for $8,500.00 through the plaintiff's intestate, acting for them as broker, to one Mahon and his wife. Under this agreement certain "painting and carpentry work" was to be done by the defendants, Joia, "as agreed by both parties". When this work had been done to the satisfaction of the plaintiff's intestate, Ober, papers were to pass. At the time the agreement was executed $500.00 were paid as a down payment to Sam Ober, the plaintiff's intestate, as agent for the defendants, Joia. The work was substantially completed and to the satisfaction of the plaintiff's intestate, Ober. The latter then notified the prospective purchaser, Mahon and his wife, who came to Onset on November 10, 1952. They had with them $1,000.00 in cash and a certified check for $3,000.00. The balance due was to be procured on a co-operative bank mortgage. The Mahons being dissatisfied with the work performed by the defendants, Joia, refused to complete the transaction. The Court further found that the plaintiff's intestate acting as agent for the defendants produced a customer satisfactory to the defendants and on the defendants' terms and though the transaction was never completed the plaintiff's intestate had earned his commission. The Court found for the plaintiff for $425. The defendant filed three requests for rulings, the first two of which sought findings that the evidence warranted conclusions favorable to their cause. Both of these requests were given, but held they were immaterial on the facts found.

The third request was as follows:

3.   As a matter of law the plaintiff is not entitled to recover a commission in this case and judgment should be for the defendants.

This request was denied. Because the defendants claim to be aggrieved by its denial and the allowance of requests number one and number two, "but his finding that they were immaterial on the facts

found", brings the same to this Division for determination.

The Court found upon the facts that the plaintiff was hired to find a customer ready, able and willing to purchase the defendant property upon the defendants' terms. This offer of the defendants ripened into a contract when the broker fulfilled it. He did so by producing the customer who was accepted by the owner. *Fitzpatrick v. Gilson*, 176 Mass. 477, 478; *Elliott v. Kazajian*, 255 Mass. 459, 461.

Having produced the customer his obligation under the contract is completed. Whether a contract is entered into by the parties is immaterial to him so far as his rights are concerned. And if a contract is entered into and it is not performed that cannot alter the rights of the broker—the plaintiff here—for he has performed his part of the contract with the owner. *Rice v. Mayo*, 107 Mass. 550, 552; *Chapin v. Bridges*, 116 Mass. 105, 108; *Desmond v. Stebbins*, 140 Mass. 339, 342; *Ward v. Cobb*, 148 Mass. 518, 521; *Fitzpatrick v. Gilson*, 176 Mass. 477, 478, 479; *Roche v. Smith*, 176 Mass. 595, 597; *Monk v. Parker*, 180 Mass. 246, 249; *Goodnough v. Kinney*, 205 Mass. 203, 204; *Rosenthal v. Schwartz*, 214 Mass. 371, 373; *Leland v. Barber*, 228 Mass. 144, 147; *Stone v. Melbourne*, 326 Mass. 372, 373; *Driscoll v. Bunar*, 328 Mass. 398, 399, 400; *Palmer Russell Co. v. Rothenberg*, 328 Mass. 477, 481; *Menton v. Melvin*, 330 Mass. 355, 356, 357.

Requests numbered one and two were to the effect that the facts warranted a finding for the defendants because the plaintiff had not earned his commission for no sale was consummated and also the customer was not willing or able to buy the property on the defendants' terms. The Court allowed these requests but found them immaterial on the facts as found by him. There is no error, nor is there error in denying request numbered three. Having found the facts, which are supported by the evidence and as the contract between these parties is oral and may be de-

termined only by the evidence, such facts must be accepted as true. *Leland v. Barber*, 228 Mass. 144, 145, 146.

*The report is dismissed. So ordered.*

James J. Bento, for the plaintiff.

Abram Bronspiegel, for the defendant.