E. Van Noorden Company *vs.* The Hartford Roofing & Sheet Metal Co., Incorporated.

Middlesex.    October 7, 1957. — February 5, 1958.

Present: Wilkins, C.J., Williams, Counihan, Whittemore, & Cutter, JJ.

*Contract*, Modification, Performance and breach, With subcontractor. *Interest.*

Findings in an action against a subcontractor on a housing project for a balance due the plaintiff under a contract for the fabrication of skylights, that the original contract was "mutually modified and changed" in material particulars, that the skylights were constructed in accordance with plans and specifications approved by the architects of the project and were shipped to the defendant on the understanding that payments were to be made as requisitioned by the plaintiff, that the plaintiff "in every respect conformed to the agreement," and that the defendant failed to make payments as agreed, warranted a finding for the plaintiff for the unpaid balance with interest from the respective dates when instalments of payment were due, notwithstanding the fact that the defendant had not received full payment from the general contractor.

CONTRACT.    Writ in the First District Court of Southern Middlesex dated January 28, 1954.

The action was heard by *Luby*, J.

*Richard G. Crotty*, for the defendant.

*Walter Hartstone*, (*Timothy J. Davern* with him,) for the plaintiff.

WILLIAMS, J.    In this action of contract the plaintiff declared on an account annexed for goods sold and delivered. The disputed items in the account are a balance allegedly due for "skylight material delivered for 46 Vanco Duratite Hip Skylights as per contract 10/18/51 in re Kensington Housing Project" with interest from January 28, 1952, and interest on three other undisputed items.    In its answer the defendant made general denial, pleaded payment, and

sought recoupment for expense incurred by remedying defects in the skylights supplied.

The judge found for the plaintiff on the disputed items, granted the plaintiff's requests for rulings, denied certain requests for rulings by the defendant, and reported his findings and rulings on the requests to the Appellate Division. The case is here on the defendant's appeal from an order of the Appellate Division dismissing the report.

It appears from the findings that on September 28, 1951, the plaintiff received from the defendant, a subcontractor engaged on the Kensington Street Housing Project at Hartford, Connecticut, an order for the fabrication of 46 Vanco Duratite Hip skylights for a price of $14,500. The contract, which originally provided that the sheet metal trim should be of aluminum, was later "mutually modified and changed so that the skylights to be manufactured and fabricated . . . were to be of galvanized iron and instead of hip they were to be of ridge type." The skylights were constructed in accordance with plans and specifications approved by the architects of the project and were shipped to the defendant before the end of December. The understanding was that payments were to be made as requisitioned by the plaintiff. The defendant did not comply with these terms and made no payments "for months" after the skylights had been delivered. For "many months" after delivery the defendant "made no complaint . . . about the skylights not being made according to plans but on the contrary . . . promised time and time again to pay for the same but did not." The "plaintiff in every respect conformed to the agreement it made with the defendant."

In view of these findings there was no error in the dismissal of the report. There was consideration to support the modification of the original agreement. *Hastings* v. *Lovejoy,* 140 Mass. 261, 264. *Wit* v. *Commercial Hotel Co.* 253 Mass. 564, 572–573. *McCormick* v. *Proprietors of the Cemetery of Mount Auburn,* 285 Mass. 548, 550–551, and cases cited. "If the parties to a bilateral contract agree to rescind or modify it, there is no difficulty in regard to con-

sideration . . . . The promise of one party to forego his rights under the contract is sufficient consideration for the promise of the other party to forego his rights." Williston on Contracts (Rev. ed.) § 1826. Restatement: Contracts, § 406, comment a. The plaintiff having performed the contract as modified was entitled to be paid the agreed price of the ordered skylights with interest from the respective dates when instalments of payment were due. It was not required, as contended by the defendant, to wait until the latter had received full payment from the general contractor. *Alvord* v. *Cook*, 174 Mass. 120, 124. *Rosenthal* v. *Schwartz*, 214 Mass. 371, 373. *Canton* v. *Thomas*, 264 Mass. 457.

The findings of the judge make a discussion of the various requests for rulings unnecessary.

*Order dismissing report affirmed.*