*Northern District*

No. 5514
MILTON RICHMAN, d-b-a
MILRICH REALTY COMPANY
v.
ROLAND H. FAUCHER
and
ORA C. FAUCHER

(January 15, 1962)

*Present:* Brooks, P. J. & Sgarzi, J.

Case tried to *Mayberry, J.,* in the First District Court of Eastern Middlesex (Malden). No. 1720 of *1960.*

*Brooks, P. J.* This is an action to recover a commission for obtaining a buyer for defendants' property. Plaintiff's declaration is in three Counts. Count 1 is on an oral contract to procure a customer ready, willing, and able to purchase defendants' property. Count 2 is on a quantum meruit. Count 3 is on an account annexed. Defendants' answer is General Denial, Payment, Illegality, Statute of Frauds.

*There is evidence to the following effect:* Defendants, husband and wife, as tenants by the entirety, were owners of the house and land in question. On or about March 1, 1960, the defendants, individually and at different times, listed the property with plaintiff asking plaintiff to obtain a customer for $21,500.

A representative of plaintiffs, a Mrs. Davis, got in touch with Mr. & Mrs. Rice who suggested that Mrs. Davis show the house to their daughter, Mrs. Ruth Popp. On Friday, April 22, 1960, Mrs. Davis showed the house to Mrs. Popp, and on the subsequent days showed the same to Mr. & Mrs. Rice who liked the house and submitted an offer of $20,500.

Mrs. Davis received a $100 deposit from the Rices on April 23, 1960. On Sunday following, Mrs. Davis went to the home of defendants with the offer to purchase and the deposit of $100. Mrs. Davis met Mr. Faucher in front of his home, showed him the offer to purchase signed by the Rices, then asked him to sign the acceptance of the offer if it were acceptable to himself and his wife, — a formal Purchase and Sale Agreement to be signed by both buyers and sellers in a few days. Mr. Faucher took the written offer into his house, then brought it back signed with his own name over the word Seller, — also with his own name over the words "Husband and Wife". Mr. Faucher told Mrs. Davis that he and his wife were satisfied with the offer. While the offer to purchase was dated April 23, 1960, Saturday, it was actually signed by Mr. Faucher Sunday, April 24, 1960.

On Monday, April 25, 1960, Mrs. Davis procured an additional deposit of $400 from the Rices who also signed a Purchase and Sale Agreement. On Wednesday, April 27,

1960, Mrs. Davis telephoned Mrs. Faucher for an appointment to have her husband and herself sign the Agreement. Mrs. Faucher told Mrs. Davis that her husband and she were anxious to sign the Agreement and to come that evening, but that she would get in touch with Mrs. Davis later to make it definite. That same evening, around 10:30 P.M., Mr. Faucher telephoned Mrs. Davis to say that he was withdrawing the house from the market because he had not been able to find another house that he cared to live in or could afford.

The Rices were at all times ready, willing, and able to purchase the property. On being notified that it had been withdrawn from the market, Mr. Rice went to plaintiff's office and received back his deposit.

At the close of the evidence, plaintiff presented the following written requests for rulings:

1. On all the evidence a finding for the plaintiff is warranted.

2. On all the evidence and law applicable to the case, a finding for the plaintiff is required.

3. When a broker procures a customer who is ready, able and willing to purchase the property on the terms fixed by the seller the broker's duty is at an end and he has earned his commission.

4. A broker's right to a commission is not affected by the failure of the customer and

the seller to enter into a binding agreement, or by the refusal of the seller to carry out the transaction.

5. If the court finds that the defendants engaged the plaintiff on a secular day for the purpose of obtaining a customer for their property located at 99 Washington Street, Malden, Massachusetts and that preliminary negotiations were conducted on a Sunday, then the plaintiff is not barred because of anything that might have occurred on a Sunday.

6. If the court finds that the plaintiff produced a customer ready, willing and able to buy on the defendants' terms before Sunday, April 24, 1960 and on a Secular day, then the plaintiff has performed his employment and is entitled to receive his commission.

7. If the court finds that the defendants accepted the purchasers on a Sunday as being ready, willing and able to buy their property located at 99 Washington Street, Malden, Massachusetts, this acceptance was not in violation of G. L. (Ter. Ed.) Chapter 136, Section 5. and did not constitute a contract such as would be void under said statute.

8. A contract not made on Sunday is not rendered void by reason of the fact that preliminary negotiations or even the offer which was later accepted took place on Sunday.

9. A contract not fully closed on Sunday is not void, because some of its terms might have been fixed upon that day or because most of the business out of which the con-

sideration for the contract arose was transacted on that day.

10. The burden of proving illegality is on the defendants who assert it.

11. The plaintiff in order to recover in this action is bound to show only that the defendants employed him as a broker and that he did what he was hired to do.

The Court found for defendants and denied all the plaintiff's requests in the following language:

1. Denied. The court finds that no contract of any kind was ever completed.

2. Denied. The court finds that no contract of any kind was ever completed.

3. Denied. The court finds that the terms fixed by the seller never were complied with at any time.

4. Denied.

5. Denied.

6. Denied, by reason of the fact that the court finds that the plaintiff never produced a customer "ready, willing and able to buy on the defendants' terms."

7. Denied, by reason of the fact that the court finds that the defendants never accepted customers ready, willing and able to purchase in accordance with the terms or listed price set forth by the defendants.

8. Denied.

9. Denied.

10. Denied, by reason of the fact that the court finds that no contract of any kind was ever

completed which would warrant the payment of a commission in this case.

11. See answer to No. 10.

The Court filed a further memorandum as follows:

"This memoranda is based upon the fact that there never was a meeting of the minds of all the parties concerned in this so-called contract, at any time.

"There was, first, an agreement between Mrs. Faucher and Mrs. Davis, representing the Milrich Realty Co., and an acceptance of another agreement between Mrs. Davis and Mr. Faucher, but at no time was there an agreement between Mr. and Mrs. Faucher and Mrs. Davis, concerning the property, where all of the parties executed the same agreement, and by reason thereof, there never was a meeting of the minds concerning the so-called contract prior to the withdrawing of the property in question from the market.

"An additional reason for my finding is the fact that there was never any execution of a definite contract executed at any time except on Sunday, April 24th, when Mr. Faucher alone signed some such agreement without the presence of Mrs. Davis, or his wife. He did state, however, to Mrs. Davis, that his wife, who was not present at the time, concurred in the matter."

Plaintiff claimed to be aggrieved by the Court's denial of his Requests for Rulings.

The appeal came before this Court for argument and after hearing, it was sent back to the trial court with an order for amplification of its findings. In compliance with such order, the trial judge submitted the following:

1. I find as a fact that there was no contract between the Milrich Realty Company and the Fauchers. I find as a fact that there was no contract between the Fauchers and the Rices.

2. I find as a fact that Ora C. Faucher, on Sunday, April 24, 1960, had no knowledge I find as a fact that there was no contract between the Fauchers and Mrs. Davis. of the signing by her husband of the offer to purchase, which is Exhibit No. 1, and did not concur in his signing the acceptance and returning said offer to Mrs. Davis.

3. I find as a fact that Ora C. Faucher, on April 24, 1960, was not satisfied with the offer of $20,500.00, and was not willing at that time to join with her husband in selling the property for that price.

4. I find as a fact that Ora C. Faucher did not tell Mrs. Davis on April 27, 1960, that she was satisfied with the offer of $20,500.00, and I find as a fact that she was not satisfied at that time, and was not willing to join with her husband in selling the property for that price.

The supplementary finding of the trial judge makes it clear that Mrs. Faucher never assented to the sale of the premises to the Rices. A tenancy by the entirety cannot

be severed without the consent of both husband and wife. *Hoag v. Hoag,* 213 Mass. 50; *Cobuzzi v. Parks,* 315 Mass. 199, 201. There was, therefore, no meeting of minds. Whether this was because Mrs. Faucher was not satisfied to sell at $20,500. or had foreseen difficulty in finding a house to live in is immaterial. Plaintiff failed to procure a buyer, — ready, able and willing to purchase the property at the only price agreed upon by the sellers, namely, — $21,500. This is fatal to plaintiff's case. *Fitzpatrick v. Gilson,* 176 Mass. 477, 478; *Maher v. Haycock,* 301 Mass. 494, 495; *Menton v. Melvin,* 330 Mass. 335, 356, *MacDonald v. Mehalopoulos,* 337 Mass. 260, 263.

 The supplementary finding makes the trial Judge's disposition of the Requests for Rulings more intelligible. Many of the denied requests state correct principles of law. It might have been better to grant these requests with an explanation that they were not applicable to the facts found. In any event, the facts as finally determined justify the Court's conclusion that plaintiff had not earned his commission and was not entitled to a recovery.

Report dismissed.

Elihu Pearlman of Boston, for the Plaintiff.
Donnelly & Elmore of Malden, for the Defendants.