JOSEPH YANOFSKY & another *vs.* MARINUCCI BROS. & CO. INC. & others.
June 15, 1966. This is a petition under G. L. c. 149, § 29, by a subcon-
tractor against a general contractor as principal and two bonding com-
panies as sureties. The subcontractor and the general contractor stipu-

lated that the unpaid principal balance claimed by the subcontractor and interest thereon from the date of the filing of the sworn statement of claim is due. On the subcontractor's motion for summary judgment under G. L. c. 231, § 59, a final decree was entered awarding the subcontractor the unpaid principal balance, interest from the date of filing of the sworn statement, and also interest on six invoices as provided in the subcontract. The general contractor and one of the sureties appealed, contending that the interest provided for in the subcontract for the six invoices not paid should not have been allowed. There was no error. The subcontract was valid and provided for payment of interest on each invoice unpaid thirty days after its date. The record indicates that the subcontractor substantially performed its obligations under the contract. It is therefore entitled to interest from the dates on which interest began to run under the terms of the subcontract. *E. Van Noorden Co.* v. *Hartford Roofing & Sheet Metal Co. Inc.* 336 Mass. 676, 678. No demand for interest was necessary. *Charles T. Main, Inc.* v. *Massachusetts Turnpike Authy.* 347 Mass. 154, 168, and cases cited. The surety was not a party to the stipulation. However, the decree against the surety for the principal debt and interest was also correct. "The liability of the surety was to make good any default of the principal in regard to payments, within the amount stated as the penal sum of the bond." *George H. Sampson Co.* v. *Commonwealth,* 202 Mass. 326, 339.

*Final decree affirmed with costs of appeal.*

*James F. Sullivan* for Marinucci Bros. & Co. Inc.
*George M. Herlihy* for Maryland Casualty Company.
*Joseph M. Corwin* (*Sally A. Corwin* with him) for the petitioners.