EWEN A. CLARK *vs.* FREELAND E. HOVEY.

Suffolk.  January 16, 1914. — May 20, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Contract*, Performance and breach.  *Broker.*  *Agency*, Commission.

The owner of certain real estate agreed in writing to sell it to a purchaser for $10,000 and to convey it "by a good and sufficient deed . . . conveying a good and clear title . . . free from all encumbrances" except a certain mortgage and a lease, the purchaser paying $500 at the delivery of the agreement, and agreeing to pay $4,500 in cash at the time of the delivery of the deed and the balance by a note secured by a mortgage.  Simultaneously with the execution of the agreement, the owner and a broker whom he had employed to procure the purchaser made an agreement in writing providing that the broker should receive $500 "for his full compensation in the matter," which the owner "agrees to pay" and that "this $500 shall not be paid from the first $5,000 paid" the owner, but "shall be paid . . . from the first $500 received" by the owner from the purchaser "after the $5,000 has been paid.  In other words," the broker "will not make any claim for commission unless" the owner "receives more than $5,000 in cash from the sale."  Because of certain restrictions on the property of which neither the broker nor the owner had actual knowledge when their agreement was made, the owner failed to carry out his agreement with the purchaser and received no more money from him.  *Held*, that the broker could not maintain an action against the owner for his commission, either on the contract or on a *quantum meruit*.

CONTRACT by a real estate broker for a commission for procuring a purchaser for certain real estate of the defendant, the declaration being in two counts, the first alleging an agreement by the defendant to pay the plaintiff $500 for the services, and the second as amended being upon an account annexed for the same amount.  Writ in the Municipal Court of the City of Boston dated May 24, 1913.

In the municipal court the case was heard by *Wentworth*, J., upon an agreed statement of facts.  Besides those stated in the opinion, the facts agreed upon were in substance as follows:

The defendant employed the plaintiff, a real estate broker having an office in Boston, to sell for him land and buildings numbered 2 and 6 on Cambridge Street in Boston.  The plaintiff procured one Jeremiah Green as a purchaser and on January 7, 1913, Green

and the defendant made an agreement in writing for the sale and conveyance of the real estate to Green "by a good and sufficient deed . . . conveying a good and clear title . . . free from all encumbrances, except a mortgage for $50,000 . . . also subject to a lease which has about four years to run," Green agreeing to pay $10,000, of which $500 was paid at the time of the delivery of the agreement, $4,500 was to be paid in cash upon the delivery of the deed, and the remainder was to be paid by Green's note secured by a mortgage on the property.

Simultaneously with the execution and delivery of the agreement between the defendant and Green, the plaintiff and the defendant executed and delivered the agreement set out in the opinion.

Green was able and willing to carry out his agreement to purchase, but the defendant was unable to carry out that agreement because of certain incumbrances on the premises, which he failed to have removed. Neither the plaintiff nor the defendant had any actual knowledge of the incumbrances when they made their agreement.

The trial judge found for the plaintiff in the sum of $511.90, and at the defendant's request reported the case to the Appellate Division. The Appellate Division ordered that the report be dismissed; and the defendant appealed.

*W. F. Prime, (W. J. Drew* with him,) for the defendant.

*E. O. Howard,* for the plaintiff.

RUGG, C. J. This is an action to recover for services as a real estate broker. The plaintiff was employed by the defendant to sell certain real estate, and he procured a purchaser who executed a contract for the sale of it to him by the defendant. Simultaneously with this contract the following agreement was entered into between the plaintiff and the defendant:

"It is agreed by and between Ewen A. Clark, broker, and Freeland E. Hovey, owner, that concerning the agreement for sale of property 2 and 6 Cambridge Street, Boston, from Hovey to Jeremiah Green, for the sum of $60,000 that said Clark agrees to accept the sum of $500 in full payment of commission and for his full compensation in the matter, and said Hovey agrees to pay said sum.

"It is further agreed by both parties that this $500 shall not be

paid from the first $5,000 paid Hovey, of which $500 has been paid to-day, but shall be paid by Hovey to Clark from the first $500 received by Hovey from Green after the $5,000 has been paid. In other words, Clark will not make any claim for commission unless Hovey receives more than $5,000 in cash from the sale."

The contract for sale was never carried out because the defendant could not give a good title by reason of certain restrictions. The question is whether, under these circumstances, the plaintiff is entitled to his commission.

The rights of the parties depend upon the terms of their agreement, which is in writing and not ambiguous. It fixes the price which the plaintiff was to receive. It stipulates in unequivocal words that the compensation shall not be paid by the defendant until after he has received $5,000 on account of the sale. As matter of construction, this means that it is a condition to his being able to recover any commission that the defendant shall have received $5,000 in cash from the sale. Its effect is not, as in some of the cases relied on by the plaintiff, to fix a time beyond which the broker shall not be called upon to wait for his pay, but it establishes a moment before the arrival of which he cannot ask for his compensation. There is nothing in the record to indicate that the employer of the broker has failed through any volition of his own to carry out the contract.

The written agreement between the parties supersedes the ordinary rule that the broker has earned his commission when he has procured the execution of a valid agreement for sale.

It follows that the judgment of the lower court was wrong. In accordance with St. 1913, c. 716, § 2, the entry may be

*Judgment for the defendant.*