ELIZA J. BROWN *vs.* JACOB JACOBS.
JACOB JACOBS *vs.* ELIZA J. BROWN.

Suffolk.    January 18, 1926. — January 19, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Broker*, Commission.    *Contract*, Under seal.

At the hearing together in a municipal court of two actions of contract, the first by a woman, the owner of real estate, against a real estate broker for the amount of a deposit paid to the broker by a prospective customer in accordance with and as part of a contract in writing and under seal between the owner and the prospective purchaser, where the prospective purchaser refused to carry out the purchase; and the second action by the broker against the owner for a commission alleged to have been earned, there was evidence that at the time of the signing of the contract and the paying of the deposit the broker said to the owner, that "if the deal did not go through no commission will be paid and the deposit would be paid to her."    A provision of the contract under seal between the owner and the prospective purchaser was that the owner would pay the broker a commission "when papers pass."    The judge found for the owner in both actions.    *Held*, that

(1) It was not error to refuse to rule "[The broker] . . . is entitled to a commission as soon as an agreement was signed between [. . . the owner] and the Seller, [*sic*]."

(2) It was not error to refuse to rule, "The clause in the agreement as to when the commission is to be paid merely. indicates the time beyond which the broker need not wait, it is not a condition of Payment."

CONTRACT OR TORT for the amount of a deposit of $500 made by one Galeni Philadelphus under the terms of a contract under seal between the plaintiff and Philadelphus for the purchase of real estate at 346 Beacon Street in Boston. Writ in the Municipal Court of the City of Boston dated July 15, 1924.    Also, an action of

CONTRACT for $500 alleged to be due to the plaintiff as a commission "for sale of property 346 Beacon Street" in Boston.   Writ in the Municipal Court of the City of Boston dated July 17, 1924.

Two paragraphs of the contract under seal between Brown and Philadelphus were as follows:

"The above mentioned deposit of five hundred ($500) dollars is to be held by Jacob Jacobs, the broker in the above transaction and duly accounted for by said Jacobs at the time of conveyance.

"It is understood and agreed that a broker's commission of one thousand ($1,000) dollars is to be paid by the seller to Jacob Jacobs when papers pass and John Constantine and Henry Edwards shall also be included as brokers in the above commission."

Material evidence at the trial of the actions together in the Municipal Court is described in the opinion.   Jacobs asked for the following rulings:

"1. Jacobs is entitled to a commission as soon as an agreement was signed between Mrs. Brown and the Seller [*sic*].

"2. The clause in the agreement as to when the commission is to be paid merely indicates the time beyond which the broker need not wait, it is not a condition of Payment."

The rulings were refused.   The judge found for Brown in both actions and reported the actions to the Appellate Division, who ordered the reports dismissed.   Jacobs appealed.

The case was submitted on briefs.

*H. Bergson,* for Jacobs.

*H. A. Murphy, A. V. Murphy, & J. H. Fleming,* for Brown.

BY THE COURT.   The second of these actions is by a broker to recover a commission alleged to be due on a contract for sale of real estate.   The first is an action by an owner of real estate to recover from the broker a deposit made with him on account of an agreement to purchase, which the other party failed to carry out.   The owner testified that at the time the agreement between her and the proposed purchaser was signed and the deposit was made by the latter, the broker said to her that "if the deal did not go through no

commission will be paid and the deposit would be paid to her." If the judge believed this testimony touching the arrangements between the parties, the requests for instructions could not rightly have been given. The first request to the effect that the broker was entitled to a commission as soon as an agreement was signed ought not to have been given in view of all this testimony. The second request depended in part upon the soundness of the first; and in part upon the assumption that a paragraph in the agreement bound the owner in her relations with the broker. The agreement was under seal and the broker was not a party to it. There is no error of law disclosed on the record. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 19. The evidence did not in any aspect call for the application of the principle of *Alvord* v. *Cook,* 174 Mass. 120.

*Order dismissing report affirmed.*