BENJAMIN GOLDMAN & another *vs.* NATHAN EISENBERG
& others.

Suffolk.   March 23, 1926. — June 30, 1926.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Broker*, Commission.   *Contract*, Construction, Performance and breach.
*Practice, Civil*, Premature action.

A real estate broker who agreed in writing "to accept the terms" of a
contract under seal between the owner of real estate and a prospective
buyer, one of the provisions of which was that a commission should be
paid to the broker by the owner "if and when papers are passed," has
no cause of action for such commission until papers have been passed,
where no fraudulent conduct on the part of the owner either in delaying
conveyance or in securing the broker's assent to the stipulation in
regard to payment appears. *Rosenthal* v. *Schwartz*, 214 Mass. 371,
distinguished.

CONTRACT for a real estate broker's commission of $1,000.
Writ in the Municipal Court of the City of Boston dated
July 24, 1925.

In the Municipal Court, it appeared that the defendants
had made with a prospective purchaser on April 2, 1925, an
agreement in writing to sell their real estate containing the
following: "It is understood that a broker's commission
of $1,000 on the said sale is to be paid to Albert J. Bonner
and Benjamin Goldman by the said party of the first part,
if and when papers are passed."   Following the signatures
of the parties to the agreement appeared the following,
signed by the plaintiffs: "April 3, 1925.   We, Albert J. Bonner
and Benjamin Goldman hereby agree to accept the terms
of the within agreement."

Other material facts are stated in the opinion.   The judge
found for the plaintiffs in the sum of $1,000 and reported the
action to the Appellate Division, who ordered the report dis-
missed.   The defendants appealed.

*M. Z. Kolodny*, for the defendants.
*A. D. Healey*, for the plaintiffs.

WAIT, J. This is an action at law. The plaintiffs are bound by their agreement to accept the terms of the written and sealed contract of purchase and sale executed by their principals and the purchasers found by the plaintiffs. That agreement provides that the plaintiffs' commission of $1,000 should be paid "if and when papers are passed."

The evidence established that, when suit was brought, papers had not been passed. The plaintiffs contend that, notwithstanding this fact, they can maintain their action. The trial judge and the Appellate Division of the Municipal Court of the City of Boston have sustained their contention. No evidence appears of any fraudulent conduct on the part of the defendants either in delaying conveyance or in securing the plaintiffs' assent to the stipulation in regard to payment. The language of the contract is clear and unambiguous. The right to payment is conditional.

The decision of the case is controlled by *Clark* v. *Hovey*, 217 Mass. 485. "If and when papers are passed" does not, like "when title is passed" — the language to which the decision in *Rosenthal* v. *Schwartz*, 214 Mass. 371, applies — merely "designate the period beyond which the plaintiff need not wait for his compensation." The words used in the agreement here in question make payment contingent on the passing of papers. They mean that nothing is due, if papers do not pass.

Whether at any time, in a different forum, or upon other evidence, a recovery is possible, we do not determine; but upon the case now before us we are constrained to decide that the plaintiffs are not entitled to keep the judgment in their favor. The action was premature. The defendants were entitled to the rulings they requested. The order of the Appellate Division is set aside and judgment for the defendants is to be entered.

*So ordered.*