JAMES A. CANTON & another *vs.* MURCHIE R. THOMAS.

Suffolk.     March 8, 14, 1928.— September 20, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Broker*, Commission. *Contract*, Construction. *Evidence*, Extrinsic affecting writing.

Where, in a contract under seal between an owner of real estate and a broker, after recitals of the execution on the same date of a written agreement by the owner to sell specified real estate to a certain person for a stipulated price and of the effective instrumentality of the plaintiff "in putting through the sale," it is stated that the owner, "in consideration of" the broker's "procuring a purchaser for the property . . . does hereby agree to pay" the broker a certain sum "when papers are passed," the words, "when papers are passed," do not state a condition of the payment of the commission, but merely fix a time beyond which the broker need not wait.

In an action by the broker upon the contract above described, it is proper to exclude evidence offered by the defendant as to conversations between him and the plaintiff previous to or contemporaneous with the execution of the contract, to show that no commission was in fact to be paid unless and until title actually passed to the prospective purchaser.

The broker was entitled to recover upon the contract above described although by reason of the destruction by fire of buildings on the premises, the agreement between the owner and the proposed purchaser did not ripen into a sale.

CONTRACT for a commission for procuring a purchaser of real estate of the defendant. Writ dated June 4, 1926.

In the Superior Court, the action was tried before *Macleod*, J. The contract, described in the opinion, was under

seal.   Other material evidence and exceptions saved by the defendant are stated in the opinion.   By order of the judge, a verdict was entered for the plaintiffs in the sum of $1,827.84. The defendant alleged exceptions.

*L. A. Rogers & L. J. Gilbride,* for the defendant, submitted a brief.

*E. M. Dangel,* (*L. E. Sherry* with him,) for the plaintiffs.

RUGG, C.J.   This is an action of contract to recover a broker's commission.   The plaintiffs and defendant entered into a contract in writing wherein, after recitals of the execution on the same date of a written agreement by the defendant to sell specified real estate to one Cohen for a stipulated price and of the effective instrumentality of the plaintiffs "in putting through the sale," "the party of the first part [the defendant] in consideration of the parties of the second part [the plaintiffs] procuring a purchaser for the property above described, the party of the first part does hereby agree to pay to the parties of the second part the sum of $1632 when papers are passed."   The agreement between the defendant and Cohen is set out in the record and confirms the recital in the contract here in suit.

The case is governed by *Alvord* v. *Cook,* 174 Mass. 120, 124, 125.   In that case a contract in writing was made whereby the owner was to pay to the broker the stipulated commission "at the date" when an agreement in writing for the sale of real estate, executed on the same day between the owner and a purchaser, "is carried into effect."   The trial judge refused to consider "oral testimony to enlarge, vary, or contradict the writing," but considered "evidence to show the situation of the parties when the writing was made, to obtain from it . . . aid . . . in the application and interpretation of the contract"; and he construed the contract to mean that the payment of commission to the broker was not conditional upon the actual carrying into effect of the contract between the owner and the purchaser.   Those rulings were held to be right for reasons there set out at length.   The contract was held to fix a time beyond which the broker need not wait, and not to state a condition of the payment of the commission.   See, also, to the same general effect,

*Rosenthal* v. *Schwartz*, 214 Mass. 371. We are unable to perceive any substantial difference between a contract to pay a broker's commission when an agreement "is carried into effect" and a similar contract to pay when "papers are passed" pursuant to such an agreement. A condition of the payment of the commission would be expressed if the words "if and when papers are passed" had been used in the contract here in issue in place of the words "when papers are passed." In somewhat similar cases, ameliorating circumstances often are found which call for a different result. *Munroe* v. *Taylor*, 191 Mass. 483. *Clark* v. *Hovey*, 217 Mass. 485, 487. *Carpenter* v. *Blake*, 251 Mass. 47. *Brown* v. *Jacobs*, 254 Mass. 474. *Lord* v. *Williams*, 259 Mass. 278. *Pagum* v. *White*, 259 Mass. 437. This interpretation may be not that which an inexperienced owner might think the contract to mean. But where cases arise not fairly distinguishable in their facts from *Alvord* v. *Cook*, 174 Mass. 120, and *Rosenthal* v. *Schwartz*, 214 Mass. 371, the rule there established must be followed. See *Mabardy* v. *McHugh*, 202 Mass. 148, 151, 152.

The evidence offered by the defendant as to conversations between him and the plaintiff prior to or contemporaneous with the execution of the contract, tending to show that no commission was in fact to be paid unless and until title actually passed to the prospective purchaser, was excluded rightly. *Goldenberg* v. *Taglino*, 218 Mass. 357, 359. *Spevack* v. *Budish*, 238 Mass. 215. *Beacon Tool & Machinery Co.* v. *National Products Manuf. Co.* 252 Mass. 88, 91.

In these circumstances it is of no consequence that the reason why the agreement between the owner and the proposed purchaser did not ripen into a sale was the destruction by fire of buildings on the premises.

*Exceptions overruled.*