Allow, J.,
Action of contract to recover a real estate broker’s. commission. ■ At the request of the defendant *226 the plaintiff procured a customer to buy, the defendant’s house. A contract, prepared by the plaintiff’s agent, was executed between the buyer and seller, and a deposit of $100 was put up by the buyer. This contract contained a provision that “a broker’s commission of 4% on sale is to be paid to G-eorge F. Proctor”. Before the time arrived for passing papers the buyer informed the plaintiff that she did not intend to perform the agreement, and the plaintiff thereupon notified the defendant of this fact. Title never passed between the parties. In this action the plaintiff seeks to recover his commission as broker of 4% on the purchase price of $4000. The defendant sets upi the failure of the buyer to complete the transaction by taking title and claims to be excused from the payment of the commission under the terms of the agreement.
At the trial the facts alleged above were offered in evidence and do not appear to have been disputed. In addition the court admitted evidence, over the objection of the plaintiff, with respect to what the parties understood the provision in the agreement relating to the commission to mean, and thereafter construed the provision “a broker’s commission of 4% on sale” to mean that “a broker’s commission of 4% on sale is to be paid if the sale goes through." ’ The finding was for the defendant. It is unnecessary to recite the requests for" rulings submitted by the plaintiff.. It is sufficient for our purpose to note that the sole issues raised in this report are whether the court construed this agreement in accordance with recognized legal principles, and whether, in finding for the defendant, the court gave the agreement as construed proper legal effect.
When a broker, acting for a seller, procures a customer who enters into a binding and enforceable agreement of sale with the seller, the broker has done all that he is expected to do under the terms of his employment^ and he be *227 comes entitled to his commission forthwith. Roche v. Smith, 176 Mass. 595, Johnson v. Holland, 211 Mass. 363. If the payment of a commission is to be conditional upon the actual performance of the agreement, it should be so agreed in express terms before the sale is made. Jacobs v. Brown, 254 Mass. 474. Such arrangement will be found in agreements to pay broker’s commissions “if and only when papers are passed.” Goldman v. Eisenberg, 256 Mass. 566, and in transaction where the broker and seller agree that the broker is to receive all or a part over a certain fixed amount which the seller is to receive first. Clarke v. Hovey, 217 Mass. 485, Carpenter v. Blake, 251 Mass. 47, 49. The contingency does not arise by implication but is revealed in the express arrangement. Thus a clause to the effect that a broker’s commission will be paid “when title is passed” has been held to merely designate the period beyond which the plaintiff need not wait for his compensation, and the broker was allowed to recover his commission even though no title ever passed. Rosenthal v. Schwarts, 214 Mass. 371.
In this action the arrangement of the parties is revealed in the provision “a broker’s commission of 4% on sale is to be paid George F. Proctor”. The court ruled that this was ambiguous and permitted the parties to testify as to what they understood the words to mean. Both parties stated in effect that they understood the words to mean “a commission of 4% on sale if the sale goes through”, and the court so found. While the plaintiff objected to the admission of this evidence, no rights were saved with respect to its admission, and the propriety of the court’s ruling is not before us as a question of evidence. However, the construction and interpretation of the agreement is a question of law, and the correctness of the court’s rulings must be determined from a consideration of the rules re *228 lating to the use of extrinsic evidence in the construction and interpretation of written agreements.
. To. the ■ rule that the intention of parties to a . written agreement can be ascertained only from the language used in-the agreement there is one exception, to wit:, that if-the, terms of the agreement are ambiguous or- the sense of a. word employed.is obscure, oral evidence is admissible to show all the circumstances attending the transaction in order that the writing may be interpreted in the light of the situation of the parties at the time it was made. Cawley v. Jean, 218 Mass. 263 at 268, N. 7. Central Ry. v. Stoneman, 233 Mass. 258, 263. But the effect.of this extrinsic evidence must be limited to the definition of the terms used and the identification of the subject matter. Stoops v. Smith, 100 Mass. 63, 66. It cannot be used to alter or modify the contract in an essential particular. Warren v. Wheeler, 8 Metcalf 97. With respect to one type of extrinsic evidence, the law is definite. Parol evidence cannot be used to show how the contract when made was understood by the parties. Blackmer v. Davis, 128 Mass. 538, Brackett v, Bartholomew, 6 Metcalf 396, 398. Nor can extrinsic expressions of the writer as to his intentions in the writing be shown. Thayer, Preliminary Treatise on Evidence, pp. 413-414. .What the parties intended the agreement to mean or understood it to mean, is vastly different from what the parties intended the. words which were actually used to mean. Regardless, of what the parties intended to have written, the evidence, must be. limited to ascertaining the meaning of the parties with respect to what was-actually written. You can throw light.on the words used: you cannot rewrite the agreement. When the. parties in this action offer evidence to prove that they intended the contract to mean “if the sale goes through” they say in effect that the contract they made is. not the contract they intended to make. When the court *229 construes the words “4% commission on sale” to mean “4% commission on sale if the sale goes through” it substitutes the contract that the parties intended to make for the contract that was actually made. It does not construe or interpret the words used, but abandons them, and puts in their place others not now to be found in the agreement. In effect the contract of the parties was revised and altered. The rule forbidding the introduction of paroi evidence to vary or contradict a writing is a rule of substantive law. This rule is not affected in its application by the fact that incompetent paroi testimony has been used without objection. Black v. Batchelder, 120 Mass. 171, Spevack v. Budish, 238 Mass. 215. The use of evidence as to what the parties intended or meant to have done was improper; the construction of the agreement in a manner resulting in an altered agreement was clearly wrong.
Aside from all these considerations and assuming that the construction of this agreement as made by the court was proper, the result must be the same. Whether the agreement be construed to mean a 4% commission “on sale” price, or a 4% commission “on sale” going through, or, as the court has construed it, a 4% commission “on sale” if the sale goes through, the legal consequences must be identical. In this Commonwealth a sale of property is legally made where a binding and enforceable agreement of sale is executed by the buyer and seller. Rice v. Mayo, 107 Mass. 550, Chapin v. Bridges, 116 Mass. 106 at 108. Since the parties in the case at bar had executed a binding and enforceable agreement, the sale had gone through and the plaintiff became entitled to his commission.
Finding for defendant vacated.
Finding to be entered for
plaintiff in sum of $160.