*Southern District*

No. 7325

**JOHN J. F. deFREITAS**

**v.**

**JOAQUIM ALVES and ROSA ALVES alias ROSE V. ALVES**

*Sgarzi, J.* This is an action of contract for the recovery of a real estate broker's commission amounting to $400.00. The defendant's answer is a general denial. (*based on Report as established by Nash, P. J. as Single Justice of Appellate Division.*)

The judge found the facts to be as follows: "This is an action of contract by writ dated February 5, 1954, wherein the plaintiff relies on the first and third counts of his declaration to recover for a real estate agent's commission. The plaintiff has waived the second count of his declaration. The defendant's answer is a general denial.

I find that: The plaintiff is a real estate agent and he had knowledge that one Frank Sylvia was interested in purchasing a smaller house than the one he lived in. Sylvia engaged the plaintiff to sell the

two-family house that he owned. The defendants advertised their home for sale in the New Bedford Standard-Times. The plaintiff called upon the defendants and spoke to them regarding the sale of their house telling them he knew of a party who wanted to buy a smaller home such as theirs. There was uncorroborated testimony by the plaintiff which was disputed and denied by the defendants that there was an employment by the defendants of the plaintiff as an agent to sell their house. The defendant's testimony, corroborated by a witness, was that they explicitly informed the plaintiff that their house was for sale but that there was to be no commission paid. Later that same day the plaintiff brought Sylvia to the house and an agreement of sale for $8900.00 was signed between Sylvia and the defendants. Sylvia paid as a binder a deposit of $500.00 which the defendants received. In addition, he had some plumbing and piping done on the defendant's property and paid for same. Sylvia, at the time of the execution of the agreement to purchase, intended in good faith to buy the property and was ready, willing, and able to buy. Later, because of his wife's illness, Sylvia backed out of the deal and forfeited his binder.

There was also an adjustment between Sylvia and the defendants whereby the defendants returned $30.00 which Sylvia had paid for some venetian blinds.

*The question to be resolved is whether the plaintiff is entitled to a commission as an agent.* I find that the plaintiff has not sustained the burden of proof by a fair preponderance of the evidence that there was a contract of employment either express or implied. The evidence in behalf of the defendants, which was corroborated, was to the contrary and entitled to as much weight as the uncorroborated testimony of the plaintiff. The plaintiff must be found to be a mere volunteer as the evidence does not show sufficient proof of an assent or sanction by the defendants on which a contract could be based. The

fact that the plaintiff brought the parties together and caused an agreement of sale to be executed does not, in light of his failure to sustain the burden of proof that an employment was created, entitle him to recover a commission."

A review of the evidence reported indicates that there was ample support for the findings of fact made by the judge.

The case is reported because the plaintiff claims to be aggrieved by the denial of the following requests for rulings:

1. The evidence warrants a ruling that defendants and plaintiff entered into an oral bilateral contract of exclusive agency wherein plaintiff agreed to endeavor to procure a buyer for defendants' real estate, and defendants agreed to pay a commission of an agreed amount upon plaintiff's procuring a buyer ready, willing, and able to buy on sellers' terms.

2. The defendants are indebted to plaintiff in the sum of $400.00 for latter's procurement of a buyer ready, willing, and able to buy on sellers' terms.

3. The consummation of an actual sale was not a condition precedent to agent's right to compensation.

5. Notwithstanding the non-consummation of the sale, the plaintiff is entitled to his commission of $400.00 if he either produced a customer who was ready, willing, and able to buy on the terms of the owner, or if he took from the customer a binding contract of purchase.

6. A broker employed to find a customer becomes entitled to his commission when he produces a customer who enters into a binding contract of purchase. *Canton v. Thomas,* 264 Mass. 457, 162 N. E. 769.

10. Plaintiff acted solely as agent for sellers and was entitled to compensation only from sellers.

He further claims to be aggrieved by the treatment

of his request No. 9 which was "The plaintiff was the efficient producing cause of the written agreement between buyers and sellers." This request was granted with the qualification that the plaintiff did so as a volunteer.

The denial of the first request was rendered immaterial by the findings of fact. *Bresnick v. Heath*, 292 Mass. 293; *Holton v. Denaro*, 278 Mass. 261; *Mazmanian v. Kuken*, 285 Mass. 516; *Hurley v. Ornsteen*, 311 Mass. 477.

The second, third and fifth requests were properly denied as based on facts not found by the judge. *Hetherington & Sons v. Firth*, 210 Mass. 8, 18.

The sixth request was properly denied as being inapplicable to the facts found. *Perry v. Hanover*, 314 Mass. 167.

The tenth request is actually a request for findings of fact and the judge was not required to grant it unless the evidence did not support any other conclusion. *Wrobel v. Gen. Acc. & Assurance Corp.*, 288 Mass. 206. This was obviously not the case here since there was ample evidence to support the findings of fact.

There was no error in the treatment of Request No. 9. It was a request for a finding of fact which the judge was not required to grant, and did not completely state his finding without the qualification.

Since there was no prejudicial error in the rulings of the trial judge, the Report is *Ordered Dismissed*.

Abraham Berkover, for the plaintiff.

Leonard Louison, for the defendant.