VENANCIO FREITAS vs. JOSEPH M. FREITAS & another.

Middlesex.    May 5, 1965. — June 7, 1965.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Deed*, Validity.

In a suit in equity seeking cancellation of a recorded deed from the plaintiff to the defendants, one of whom was the plaintiff's son, on the ground that the plaintiff never executed the deed, reported evidence did not show to be plainly wrong findings by the judge that the signature on the deed was that of the plaintiff and that the deed was valid.

BILL IN EQUITY filed in the Superior Court on June 7, 1963.

The plaintiff appealed from a final decree dismissing the bill entered after hearing by *Beaudreau, J.*

*Antonio de J. Cardozo* for the plaintiff.

*Martin T. Camacho* for the defendants.

REARDON, J.    The plaintiff seeks to have a deed conveying premises located at 14R Carlton Street, Somerville, to the defendants declared null and void and cancelled on the grounds that he never executed or acknowledged any deed of the property to the defendants and that he never received any consideration for the deed nor knew of its existence.    The suit was heard before a judge of the Superior Court who found that the plaintiff, who purchased the property in 1944, induced the defendant Joseph, his son, to occupy the premises with his family, and that while on the premises a great deal of repair and renovation work had been performed by his son.    The judge further found that at the direction of the plaintiff a real estate broker prepared in 1960 a quitclaim deed conveying the premises to the defendants.    The deed was thereafter signed by the plaintiff in the presence of the broker, but was not recorded in the Middlesex South District registry of deeds until April, 1962.    Prior to the execution of the deed the plain-

tiff had asserted to his son Joseph that he "would see to it" that the premises were conveyed to him. The judge found further that the signature on the deed was that of the plaintiff and that the defendants were the possessors of a valid deed from the plaintiff and were the owners of the premises at 14R Carlton Street.

We have reviewed the evidence with care, cognizant that "[t]he findings of the judge are not to be reversed unless plainly wrong, but all questions of law, fact, and discretion are before us and we may make such additional findings as are supported by the evidence." *Wilson* v. *Wilson,* 329 Mass. 208, 209. *Verdone* v. *Verdone,* 346 Mass. 263. While the trial judge could have found otherwise on the evidence which was before him, we cannot conclude that he was plainly wrong in his findings. There was evidence that the plaintiff had requested his son to move to the premises and that the son provided labor, service and materials in connection with 14R Carlton Street over a period of time. There was evidence also of conversations between father and son in 1944 and 1959 relating to the property. The judge could have found from the evidence that a real estate broker prepared the deed — a practice not to be condoned — and that the plaintiff executed it. An expert witness, an examiner of questioned documents, who based her opinion on a comparison of the deed with certain rent receipts used as standards, testified that the signature of the plaintiff on the deed was genuine.

*Decree affirmed.*