*Northern Division*

No. 6545

**ALFRED LeDONNE**

**v.**

**EDWARD C. SLADE**

Argued: June 21, 1967    Decided: Sept. 27, 1967

*Present:* Connolly, J. (Presiding) Parker, Yesley, J.J.

Case tried to *Brooks, J.* in the First District Court of Eastern Middlesex.    No. 2453 of 1966.

*Parker, J. This is an action of contract.* The

declaration is in two counts. In the first count the plaintiff, a real estate broker, seeks to recover a commission for having procured for the defendant, a customer ready, able and willing to buy on terms acceptable to the defendant as set out in a written purchase and sale agreement. The second count is on an account annexed. The answer is a general denial and, in substance, that a commission was to be paid when the sale was consummated and the purchase price paid, but that this condition was not fulfilled, the buyer and the seller mutually agreeing to rescind the contract.

Under the terms of the purchase and sale agreement the party of the first part, the defendant and his wife, referred to in the agreement as the "SELLER", agreed to sell and the party of the second part "Earl R. Brown as trustee of the Brookfield Realty Trust", referred to as the "BUYER", agreed to purchase certain real estate located in Malden. The premises were to be conveyed on or before 1 June 1966. "Full possession of the said premises, free of all tenants" was to be delivered at the time of delivery of the deed. The agreement also provided that "If the SELLER shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease...." and that "IT IS UNDERSTOOD THAT A BROKER'S COMMISSION OF $900.00 on the said

sale is to be paid to Alfred LeDonne, Realtor by the said SELLER." The agreement is signed "Brookfield Realty Trust, Earl E. Brown Trustee", by the defendant and wife, and by "Alfred LeDonne Realtor".

*There was evidence tending to show as follows.* The defendant, a paper hanger, employed the plaintiff to procure a purchaser for certain real estate owned by the defendant and his wife. The plaintiff contacted one Brown, who was Trustee of the Brookfield Realty Trust. The agreement was drafted by counsel for Brown. The plaintiff did not tell the defendant of this fact. Brown as Trustee, at the signing of the agreement, did not have funds or resources in the trust with which to finance the purchase, but on his testimony he could have personally advanced money to the trust so that it could have paid the purchase price on 1 June 1966. The declaration of trust named Brown as trustee and stated it was a trust not a partnership and further stated that the trustee would never be liable thereunder but that for all debts the trustee shall be liable to the extent of the trust fund only. The defendant's daughter was a tenant of the premises and could not find a place to move to on 1 June 1966 and so remained there as of that date. The defendant attempted, with the aid of the plaintiff, to secure an extension of the agreement, but was unsuccessful. At the time the agreement was signed the "BUYER" made a de-

posit of $1000 which was held by the plaintiff until 31 May 1966, when, upon demand by the defendant's counsel, he paid the same over to said counsel. Subsequently, the defendant and the BUYER rescinded the sale and the deposit was returned to the BUYER. As the date for transfer approached the defendant's daughter would not be able to transfer from the defendant's premises to other hoped for premises and the court so found as a fact. Brown was prepared to finance Brookfield Realty Trust, so that it could and would have purchased the property on 1 June 1966 had the defendant felt free to sell it and the court so found as a fact. The court found that the plaintiff had produced a customer within the meaning of the law and that he was entitled to a commission.

The court made the following findings:

"Defendant employed the plaintiff to procure a purchaser of certain real estate owned by the defendant. Plaintiff contacted an individual by the name of Brown, who was Trustee of Brookfield Realty Trust. A purchase and sale agreement was signed April 5, 1966 by the defendant Slade and his wife, party of the first part, and Earl R. Brown as trustee of the Brookfield Realty Trust, party of the second part. The date of conveyance was to be June 1, 1966. The premises were to be free of all tenants.

As the date for transfer approached, it

was discovered that defendant's daughter would not be able to transfer from defendant's premises to other hoped for premises. Plaintiff procured the Slade's signatures on an extension to run to July 1. He was unable, however, to secure Brown's signature.

Shortly before July 1 a defect was discovered in the title. The defect could be cured, but apparently not in time to clear the property for transfer prior to July 1. The result was that there was no sale of the property to Brown. Defendant had returned the deposit to Brown.

It was defendant's primary contention that the Brookfield Realty Trust was not ready, able and willing to purchase the property. Defendant also attempted to discredit Brown's financial condition.

I find that Brown was prepared to finance Brookfield Realty Trust so that it could and would have purchased the property on June 1, had the defendant felt free to sell it. I find, therefore, that plaintiff had procured a customer within the meaning of the law and that he was entitled to a commission."

The defendant filed forty-five (45) requests for rulings, thirty-three (33) of which, with the court's rulings thereon are reported, of these fourteen (14) were denied, three (3) were denied on the fact found, and one (1) de-

nied as not according to facts, five (5) denied as immatrial on facts found and nine (9) were granted. This number of requests is excessive. We shall, therefore in most instances, dispose of the issues without reference to the requests seriatim. *Commercial Credit Corp.* v. *Stan Cross Buick, Inc.*, 343 Mass. 622, 626.

Requests 32 and 33, which were granted, state in substance that since the plaintiff signed the agreement as a broker, he is bound by its terms. The defendant then argue that by its terms the plaintiff's commission was conditioned, in that the plaintiff's commission was earned only upon a completion of the terms of the purchase and sale agreement, and that since the defendant could not give a good and clear title, which the court found he could not, this condition was not fulfilled. There was evidence that after 1 June 1966 it was discovered that there was a flaw in the title, and the court so found, and further that this was through no fault of the defendant. The defendant presented no request based on the inability of the defendant to make conveyance free and clear of tenants on 1 June 1966. The agreement to which the plaintiff was bound, as found by the Court on the defendant's request for rulings 32 and 33, did not make the payment of the plaintiff's commission conditioned upon the completion of the sale. The agreement states that "If the SELLER shall be unable to give title or to make conveyance as above stipulated, any

payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease—.'' The plaintiff is not a party to the agreement. He is mentioned only as a broker. *Brown* v. *Jacobs,* 254 Mass. 474. The obligation to pay the broker's commission was not a part of the contract between the buyer and seller which the plaintiff produced. It was a part of a separate contract between the plaintiff and the defendant.

When the plaintiff had secured the signature of the BUYER and that of the defendant and his wife to the agreement, he had performed what his contract with the defendant called for. He had secured an agreement for purchase and sale which was satisfactory to the defendant, for the defendant and his wife signed it. The plaintiff had no further power in the matter and the rest was to be done by the defendant. The defendant was the master of the situation and it is not reasonable to suppose that the plaintiff intended to leave the question of the payment of his commission, where he had performed his duty by obtaining a valid enforceable agreement, to the chances of a subsequent cancellation of the agreement by the defendant and the buyer or the whim or caprice of the principals. *Alvord* v. *Cook,* 174 Mass. 120, 124.

A seller having accepted a proposed purchaser by entering into a written contract of sale with him, the broker has earned his com-

mission and the broker is not obliged to go further. *Johnson* v. *Holland,* 211 Mass. 363.

The words "on said sale" as used by the parties in a transaction of this kind mean that the defendant should be furnished by the plaintiff with a purchaser who is ready, willing, and able to buy on the defendant's terms; at least the court could so find. The word "sale" in this connection could be found to mean the furnishing to the defendant an opportunity to sell his property. It is evident by the memorandum in the purchase and sale agreement that the defendant understood he would have to pay a commission if plaintiff procured a purchaser and not that the sale must be completed as between the buyer and seller to entitle him to be paid his commission. The word "sale" as used by brokers in a case like this ordinarily means to negotiate a sale and to procure a purchase, for strictly speaking a broker cannot make a sale, not being vested with legal title.

A contract for a commission on a "sale," entitles the broker to the specified compensation whenever through his influence a prospective purchaser is produced, although the sale is never consumated because of fault or unwillingness of the principal. The court in this case at bar, having found for the plaintiff has found as a fact that the words "on said sale" have the meaning as found in *Walker* v. *Russel,* 240 Mass. 386, 389, 390 and cases therein cited. The agreement contained no stipulation that pay-

ment of the commission depended upon the making of an enforceable agreement. *Canton* v. *Thomas,* 264 Mass. 457. The defendant having voluntarily abandoned a binding contract cannot treat it as still in force for the purpose of avoiding liability to the plaintiff. *Rosenthal* v. *Schwartz,* 214 Mass. 371; *Harrington Co.* v. *Waban Rose Conservatories,* 222 Mass. 372; *Holden* v. *Starks,* 159 Mass. 503; *Cook* v. *Fiske,* 12 Gray 491, 493.

There was no error in the court's denial of the defendant's request for rulings 36, 37, 38, and 39.

The defendant's requests 22, 23, 24, 25, 26, 27, 28, 29, and 31, were denied on the facts found or not found by the court. The defendant argues that that court in its rulings on these requests has failed to comply with the last paragraph of Rule 29 of the Rules of the District Courts, in that the court has failed to state the facts found or the facts recited which it does not find, upon which such refusals were based, the same not appearing from the special findings filed. In our view, the court has complied with the rule and its written findings of fact plainly make it appear what facts it has found, and on which it denied the requests. These requests are excessive in number and redundant in content. *Commonwealth* v. *Greenberg,* 339 Mass. 557, 584; See, *Stella* v. *Curtis,* 348 Mass. 458, 560; *Halman* v. *New England*

*Tel. & Tel. Co.*, 296 Mass. 219, 223. We find no error in their denial.

The defendant's request #13 is based upon a failure of the plaintiff to disclose to the defendant that Brown, Trustee of the Brookfield Realty Trust, intended to finance the purchase by applying for a mortgage in the full amount of the purchase price. The defendant alleges that by failing to do so the plaintiff is barred from recovering his commission. The defendant's request was denied. Request #15 is based upon failure of plaintiff to disclose to the defendant that the buyer did not intend to invest his own money in the purchase and that the plaintiff did not disclose this to defendant.

We see no error in the denial of these requests. The agreement called for a total payment of $16,000, $15,000 in cash plus the $1,000 deposit. How the buyer was to finance his purchase cannot be a material element. If the buyer secured the cash and was ready and willing to buy on the date for passing title the seller should be satisfied. Certainly, if he refused to take cash at that time because the buyer had raised the cash by a mortgage or other means, such grounds would not justify such a refusal.

Request #20 reads as follows:

"The plaintiff, knowing that the buyer had caused his own attorney to protect his interests by drafting the agreement of April 5, 1966, owed it to the defendant, a paperhanger unskilled in such matters, to

point out such fact and suggest to his principal that he, the defendant, cause his attorney to pass on the said agreement.''

Request #21 reads as follows:

''The plaintiff, not being an attorney at law, had no right to pass on the legal effect of the agreement of April 5, 1966 and to advise the defendant, a man unschooled in such matters, to ''sign this,'' knowing that the buyer's attorney had drafted the said agreement.''

Both requests were denied.

These requests do not ask the court to take any action as a result of the findings requested. They ask that there be a ruling that the plaintiff should have notified the defendant that the buyer's lawyer had drafted the agreement and the plaintiff should have his lawyer go over it (Request #20) and that the plaintiff should not have advised the defendant to sign the agreement knowing that the plaintiff's lawyer drafted it (Request #21). Neither request asked for any action by the court other than that the plaintiff had no right to pass on the legal effect of the agreement and advise defendant, knowing that buyer's attorney had drafted it (#21). Neither request asked the court to rule that because of this obligation (#20) and this lack of right (#21) the plaintiff cannot recover. However, we assume that an issue is raised on these rulings by the defendant's request for ruling #1 reading as

follows: "The evidence does not warrant a finding for the plaintiff." The defendant cites in support of this contention the dicta in *Freitas* v. *Freitas,* 349 Mass. 276, 277, where a quitclaim deed was prepared by a real estate broker and the court stated such is "a practice not to be condoned." However, the court did not set aside the deed for that reason and in fact upheld the conveyance made by the deed so drafted. In the case at bar it is to be pointed out that the document is an agreement for purchase and sale and was not prepared by the plaintiff. The defendant also argues that by not giving this information and acting as he did, he broke the fiduciary relationship between a broker and client.

The report shows no breach of fiduciary relationship by the plaintiff.

It is true that a broker cannot put himself into a position where there is a strong inducement to violate his duty to his principal or where his interests are antagonistic to those of his client and if such a situation arises, as where there is a double commission, the broker can recover no commission. *Quinn* v. *Burton,* 195 Mass. 277. However, as was pointed out at page 280 in that case, distinguishing it from *Alvord* v. *Cook,* 174 Mass. 120, this rule does not apply where the contract is special and the amount of the commission is stated and not dependant upon valuation which could be in-

fluenced by the broker to his advantage and the disadvantage of his principal.

Further the fact that the broker's interests may be to a certain extent adverse to his principal, in that the broker's commission depends on his getting the sale, this is not a violation of his fiduciary relationship, since it arises out of the nature of the contract of employment and is known to the employer, who is therefore put upon his guard and it does not disqualify the broker. The defendant fails to show on the facts of this case that in any way the broker (the plaintiff) was subject to any other or different temptations to act adversely to the interests of his principal than that naturally arising out of the nature of his employment. *Alvord* v. *Cook,* 174 Mass. 120, 127.

There was no error in the denial of these requests since they asked for no action by the court other than statements as to what the plaintiff ought to have done or what he should not have done. The requests do not request action consequential to these obligations or failure to act thereon, and further, that there was no breach of fiduciary relationship by the plaintiff in regard to the defendant.

Request #45 reads as follows:

"The contract of April 5, 1966, provided for passing of papers on June 1, 1966 at 11:00 a.m. unless some other time shall be agreed upon, making the time of passing papers no of the essence of the contract,

and the plaintiff's writ having been dated June 1, 1966, this action was instituted prematurely." The request was denied.

The defendant bases his claim of error on the court's ruling on this request on his interpretation that the agreement was conditional upon the conveyance of the property or the production of a binding agreement of purchase and sale by the plaintiff. Since the court did not find the plaintiff's right to a commission to be conditional upon the conveyance and passing of papers, and in this conclusion we agree, we are of the opinion that this action was not prematurely brought, the court having found that the plaintiff produced a buyer ready, willing and able to buy on the defendant's terms. *Rosenthal* v. *Schwartz*, 214 Mass. 371.

The defendant's request #9 reads as follows:
"If the court finds that the plaintiff said to defendant, before the signing of the offer to purchase of March 31, 1966 'Sign this and we will have the house sold June 1st,' the mere execution of the agreement of April 5, 1966, five days later, did not entitle the plaintiff to the payment of a commission as of April 5, 1966, and the plaintiff cannot recover in this action."

There is no evidence in the report of an offer to purchase of 31 March 1966 nor that the defendant signed such an offer. There was no error in the denial of this request.

Defendant's requests 10, 11, and 14 were

denied, Counsel for the defendant in his brief gives us no help on these denials. He simply states that he ''Submits that, on the evidence given by the plaintiff they should have been granted.'' We find no error in the denial of these requests.

Request #10 is for a finding of fact. Request #11, alleges that the payment over to the defendant's counsel of the deposit by the plaintiff is inconsistent with his claim under his declaration. No inconsistency is shown. He had no right under the agreement to the deposit of the buyer. It was the buyer's money not his. The agreement between the seller and the buyer was not his agreement.

Request #13 was not argued by the defendant on his or orally. It is therefore deemed waived.

Request #14 is based on facts which the court did not find as set out in his written findings and is immaterial, the plaintiff having produced a buyer with whom the defendant entered into an agreement for purchase and sale. *Johnson* v. *Holland,* 211 Mass. 363.

The defendant's request #1 was that the evidence did not warrant a finding for the plaintiff. The court correctly denied this request.

We see no merit in the defendant's objection to the court's action in making a general finding before the date a brief from the defendant's counsel was due. The court did accept the

brief and the report fails to disclose that the court did not consider it. If the court was persuaded that its action was wrong after such consideration, the court was not prevented from recalling its decision and finding. Further the docket shows that the finding made before the filing of the defendant's brief was vacated nineteen days later and a new and similar finding made on that date (14 November 1966). Subsequent to this the defendant filed a motion for new trial. Certainly, at the hearing on this motion the defendant's counsel could have raised the same points if in fact he did not. The motion for new trial was denied.

A court's action on a motion for new trial is discretionary and unless plainly wrong is not to be set aside. This proposition is so well established no citation is necessary. We consider the defendant's objection to the court's action in regard to the defendant's brief and to its denial of the new trial, frivolous.

*To Summarize:* The report discloses evidence upon which the court could and did find, that the plaintiff was requested by the defendant to find a purchaser for the property of the defendant and his wife, that the plaintiff produced a buyer, that the defendant and his wife accepted the buyer so produced and entered into a valid written agreement for the purchase and sale of the property with the buyer so produced, that there was a written memorandum signed by the plaintiff and the de-

fendant and his wife, whereby the defendant and wife would pay the plaintiff a stated commission of $900 "on the said sale," which the court warrantably found did not mean the completion of the sale as between the buyer and seller, but did mean the agreement of sale brought about by the plaintiff, even though the sale was later rescinded by the defendant and the buyer, and therefore that the plaintiff had earned his commission, and so the court found for the plaintiff. We see no error in this finding of the court and no error in the court's action on the defendant's request for rulings.

**The report will be dismissed.**

JAMES A. McAVOY, JR.
  for the Plaintiff.
ALBERT E. LAMB
  for the Defendant.