NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1182

JOSEPH CAFARELLI

vs.

BRIAN ARRIGO & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After an employment-related dispute, the parties entered into a settlement agreement in 2022 whereby the plaintiff agreed to release the city of Revere (city) and Brian Arrigo (collectively, defendants) of all liability, and the parties stipulated to a dismissal of the plaintiff's claims with prejudice.  A judge of the Superior Court (settlement judge) approved the settlement agreement and ordered dismissal of the plaintiff's claims with prejudice.  In 2023, the plaintiff filed a motion to enforce the settlement agreement or reopen the case, arguing that the settlement agreement never went into effect.  A

---

[1] City of Revere.

judge of the Superior Court (motion judge) denied the motion and the plaintiff appeals.  We affirm.

Background.  The plaintiff joined the Revere police department as a police officer in 1991.  Between 2012 and 2017, the plaintiff served as chief of police of the Revere police department.  The plaintiff signed an employment contract when he began his tenure as chief.  Under the employment contract, the plaintiff retained his civil service position of lieutenant and was allowed a leave of absence to serve as chief of police.

In 2016, Brian Arrigo, the newly elected mayor of Revere, sent the plaintiff a letter notifying him that the city did not intend to renew his contract as chief.  Mayor Arrigo noted in the letter that the plaintiff retained his civil service position of lieutenant.  Mayor Arrigo subsequently informed the plaintiff that he would not be reinstated to his civil service position and would be met with disciplinary action if he attempted to return.  Facing this dilemma, the plaintiff left the police department in 2017, filed for superannuation retirement, and began receiving a retirement allowance from the retirement board of Revere (retirement board).  See G. L. c. 32, § 5 (1) (conditions for receiving superannuation retirement allowance).

The plaintiff sued the defendants, alleging contract, tort, and whistleblower claims relating to his separation from the

2

police department.  Following motion practice, the parties executed a settlement agreement in 2022.  In short, the defendants agreed to pay the plaintiff $150,000 in exchange for a release of all claims against the defendants and a stipulated dismissal of all claims with prejudice.  The settlement agreement earmarked $30,000 to be paid to the Revere Retirement System as retirement backpay contributions.  The plaintiff's aim was to increase his superannuation retirement allowance to reflect a retirement date in 2019, which is when the plaintiff had planned to retire before the dispute arose.  The retirement board was not a party to the settlement agreement, nor was it a party to the lawsuit.  The settlement agreement provided that "[i]t is expressly understood and agreed by the [plaintiff] that the [defendants] have not made any guarantees or assertions to the [plaintiff] as to (1) the approval sought from the [retirement board]."  The settlement agreement contained an "Effective Date," defined as

> "the date . . . upon which both of the following events have occurred: (a) the Court enters an Order approving this agreement; and (b) the [retirement board] approves the agreement and confirms that . . ., upon receipt of Retirement Backpay, [the plaintiff] will be credited with the new retirement date set forth herein."

The settlement judge approved the settlement agreement, and the stipulated dismissal with prejudice entered.

3

Upon the plaintiff's request, the retirement board calculated the plaintiff's share of retirement backpay contributions at approximately $22,000, which was paid to the Revere Retirement System out of the earmarked funds. The retirement board notified the plaintiff that it would discuss the matter at its next meeting. The Public Employee Retirement Administration Commission (PERAC) sent the retirement board an opinion letter advising that the plaintiff could not be credited with service unless he repaid to the Revere Retirement System the sum of superannuation payments he received since filing for retirement in 2017. That amount exceeded $300,000. In dispensing this advice, PERAC relied on PERAC Memorandum #28 of 2001, which addressed the effect of wrongful termination settlements on retirement benefits. The memorandum advised that when an employee is wrongfully terminated or the employer wrongfully failed to restore the employee to employment, and the employee receives both a superannuation retirement allowance and retroactive back pay through a settlement, he cannot accrue creditable service without repaying benefits received because the employee would thereby receive both retirement benefits and back pay simultaneously, resulting in a windfall.

The retirement board subsequently informed the plaintiff that he would have to repay the Revere Retirement System to receive a larger superannuation allowance. The plaintiff

4

responded by filing a motion pursuant to Mass. R. Civ. P. 60 (b) (6), 365 Mass. 828 (1974), to enforce the settlement agreement or to reopen the case to seek further relief against the city.[2]  After a hearing, the motion judge denied the motion, reasoning that "[t]he parties' dispute . . . seems to necessarily involve third-party entities not previously named as defendants . . . such that the anticipated issues raised, far exceed the subject matter of the current case and are better suited to resolution in a separate independent proceeding."  The plaintiff appealed.

Discussion.  a.  Standard of review.  We review the motion judge's ruling on a motion pursuant to Mass. R. Civ. P. 60 (b) (6) for abuse of discretion.  Saade v. Wilmington Trust, Nat'l Ass'n, 494 Mass. 1013, 1014 (2024).  Relief under Mass. R. Civ. P. 60 (b) (6) "is appropriate only in extraordinary circumstances.  Id. at 1014-1015, quoting Owens v. Mukendi, 448 Mass. 66, 71 (2006).  An abuse of discretion occurs when a judge makes a "clear error of judgment . . . such that the decision falls outside the range of reasonable alternatives."  L.L. v.

---

[2] The plaintiff also filed a motion pursuant to Mass. R. Civ. P. 19, 365 Mass. 765 (1974), to add necessary parties, namely the retirement board and PERAC.  The motion judge denied the motion, and the plaintiff does not make any arguments in his brief addressing that motion.  See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019) ("appellate court need not pass upon questions or issues not argued in the brief").

Commonwealth, 470 Mass. 169, 185 n.27 (2014).  In interpreting

the settlement agreement, the general principles of contract law

and contract interpretation apply.  See Warner Ins. Co. v.

Commissioner of Ins., 406 Mass. 354, 360 n.7 (1990).

b. Motion to reopen.[3]  On appeal, the plaintiff argues that

the settlement agreement never became effective due to the non-

occurrence of a condition precedent, or in the alternative, due

to the doctrines of impossibility and frustration of purpose.

1. Condition precedent.  The plaintiff contends that the

"Effective Date" provision of the settlement agreement formed a

condition precedent that was never satisfied.  The "Effective

Date" provision provided that

> "[t]he 'Effective Date' of this settlement shall be
> the date . . . upon which both of the following events
> have occurred: (a) the Court enters an Order approving
> this agreement; and (b) the [retirement board]
> approves the agreement and confirms that that [sic],
> upon receipt of Retirement Backpay, [the plaintiff]

---

[3] Although the plaintiff's motion was styled as a "Motion to Enforce Settlement Agreement and/or Reopen Case," the plaintiff's appellate arguments focus solely on the motion to reopen the case.  Thus, we address only that motion.  See Mass. R. A. P. 16 (a) (9).  Relatedly, the plaintiff argues that the motion judge's order denying relief under Mass. R. Civ. P. 60 (b) (6) addressed only the motion to enforce the settlement agreement and the motion to add necessary parties.  He argues that a remand is necessary for the motion judge to rule in the first instance on the motion to reopen.  We reject this argument because the motion judge's order cited the docket number for the plaintiff's "Motion to Enforce Settlement Agreement and/or Reopen Case," which makes it clear that the motion judge considered each motion and that his ruling applied to all of them.

6

> will be credited with the new retirement date set
> forth herein."

Although the motion judge entered an order approving the settlement agreement, the retirement board did not credit the plaintiff with the 2019 retirement date upon the receipt of the roughly $22,000 payment.  According to the plaintiff, since the second condition never occurred, the settlement agreement never became effective, which would warrant relief under Mass. R. Civ. P. 60 (b) (6).  We are not persuaded by this argument.

"A condition precedent defines an event which must occur before a contract becomes effective or before an obligation to perform arises under the contract" (citation omitted).  Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 420 (2005).  Massachusetts courts generally consider "[e]mphatic words" necessary to form a condition precedent. Massachusetts Mun. Wholesale Elec. Co. v. Danvers, 411 Mass. 39, 46 (1991).  The necessary emphatic words include either the term "condition precedent," or words denoting a clear conditional relationship such as "if and when."  See Charles, Henry & Crowley Co. v. Home Ins. Co., 349 Mass. 723, 726 (1965) (noting requirement of phrase "condition precedent" or its equivalent); Canton v. Thomas, 264 Mass. 457, 459 (1928) (noting that "if and when" was sufficient to form condition precedent, but "when" was insufficient).

7

The "Effective Date" provision in the settlement agreement does not include the emphatic words necessary to form a condition precedent. The provision does not use the term "condition precedent" nor does it use clear conditional language. Even if the parties had unambiguously bargained for a condition precedent, the unfulfilled condition precedent does not warrant relief from the judgment under Mass. R. Civ. P. 60 (b) (6). When a condition precedent is not satisfied, the contract may not be enforced. Twin Fires Inv., LLC, 445 Mass. at 420-421. Yet the settlement agreement has been fully performed. The city paid the plaintiff $150,000, and in exchange, the plaintiff released the defendants of all liability and his claims against the defendants were dismissed with prejudice. What the plaintiff effectively seeks is to renegotiate the settlement agreement. In any event, the parties foresaw that the retirement board might not credit the plaintiff with the later retirement date because the parties expressly agreed that the defendants "have not made any guarantees or assertions to the [plaintiff] as to (1) the approval sought from the [retirement board]." Assuming arguendo that the unfulfilled condition precedent excused the parties from performance, it would not constitute an "extraordinary circumstance" warranting relief from the judgment. See Saade, 494 Mass. at 1014-1015.

8

2.  Mutual mistake.  The plaintiff contends that under the doctrine of mutual mistake, the settlement agreement never became effective, warranting relief under Mass. R. Civ. P. 60 (b) (6).  Under the doctrine of mutual mistake, "[w]here there has been a mistake between the parties as to the subject matter of a contract, there has been no 'meeting of the minds,' and the contract is voidable at the election of the party adversely affected."  La Fleur v. C.C. Pierce Co., 398 Mass. 254, 257-258 (1986), quoting Jeselsohn v. Park Trust Co., 241 Mass. 388, 392 (1922).  Crucially, "[t]he mistake must involve a fact capable of ascertainment at the time the contract was entered into, and not a mere expectation or opinion about future events."  La Fleur, supra at 258.

The plaintiff contends that the parties mutually understood that the retirement board would credit the plaintiff with service upon receipt of retirement contributions without requiring the plaintiff to repay the benefits received.  The plaintiff's assertion amounts to a "mere expectation or opinion" about what he hoped the retirement board would do.  La Fleur, 398 Mass. at 258.  The retirement board was neither a party to the settlement agreement nor a party to the case.  See Stone v. Treasurer of Malden, 309 Mass. 300, 302 (1941); Everett Retirement Bd. v. Assessors of Everett, 19 Mass. App. Ct. 305, 308 (1985) ("a retirement board established under G. L. c. 32 is

9

independent of the city or town whose employees it serves"). Nor did the plaintiff seek an opinion from the retirement board about whether he could accrue service credit without repaying benefits received. Without such assurance, the plaintiff's "mere expectation" did not constitute a mutual mistake.

3. Impossibility and Frustration of Purpose. We briefly address the plaintiff's argument that the doctrines of impossibility or frustration of purpose warrant relief from the judgment. "Performance under a contract may be excused in limited situations where unanticipated supervening events require it." Le Fort Enterprises, Inc. v. Lantern 18, LLC, 491 Mass. 144, 150 (2023). Here, no unanticipated event occurred that made the contract impossible to perform. Rather, the parties expressly contemplated that the retirement board may not credit the plaintiff with service credit. The parties agreed that "[i]t is expressly understood and agreed by the [plaintiff] that the [defendants] have not made any guarantees or assertions to the [plaintiff] as to (1) the approval sought from the [retirement board]." This foreseeable consequence, although disadvantageous for the plaintiff, does not constitute the kind of "extraordinary circumstance" required to warrant relief from a judgment under Mass. R. Civ. P. 60 (b) (6). See Saade, 494 Mass. at 1014-1015.

10

Conclusion.  The motion judge reasonably concluded that a separate action against third-party entities could provide the plaintiff an opportunity to pursue the relief he seeks while preserving the finality of the judgment against the defendants. We conclude that the motion judge did not abuse his discretion in denying the plaintiff's motions under Mass. R. Civ. P. 60 (b) (6).

Order entered September 12, 2024, affirmed.

By the Court (Singh, D'Angelo & Hodgens, JJ.[4]),

Clerk

Entered:  August 25, 2025.

---

[4] The panelists are listed in order of seniority.